# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP1696 |

| | |
|---|---|
| COMPLETE TITLE: | Saint John's Communities, Inc.,<br>　　　　Plaintiff-Respondent-Petitioner,<br>　　v.<br>City of Milwaukee,<br>　　　　Defendant-Appellant. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 399 Wis. 2d 729, 967 N.W.2d 151
PDC No: 2021 WI App 77 - Published

| | |
|---|---|
| OPINION FILED: | November 22, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 6, 2022 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Jeffrey A. Conen |

JUSTICES:
ZIEGLER, C.J., delivered the majority opinion for a unanimous Court.
NOT PARTICIPATING:

ATTORNEYS:

For the plaintiff-respondent-petitioner, there were briefs filed by *Alan H. Marcuvitz, Andrea H. Roschke*, and *von Briesen & Roper, S.C.,* Milwaukee. There was an oral argument by *Alan H. Marcuvitz*.

For the defendant-appellant, there was a brief filed by *Allison N. Flanagan*, assistant city attorney, with whom on the brief was *Tearman Spencer*, city attorney. There was an oral argument by *Allison N. Flanagan*, assistant city attorney.

**2022 WI 69**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2020AP1696
(L.C. No. 2020CV578)

STATE OF WISCONSIN          :          IN SUPREME COURT

Saint John's Communities, Inc.,

      Plaintiff-Respondent-Petitioner,

  v.

City of Milwaukee,

      Defendant-Appellant.

**FILED**

**NOV 22, 2022**

Sheila T. Reiff
Clerk of Supreme Court

---

ZIEGLER, C.J., delivered the majority opinion for a unanimous Court.

---

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1  ANNETTE KINGSLAND ZIEGLER, C.J.  This is a review of a published decision of the court of appeals, Saint John's Communities, Inc. v. City of Milwaukee, 2021 WI App 77, 399 Wis. 2d 729, 967 N.W.2d 151, reversing the Milwaukee County circuit court's[1] order denying the City of Milwaukee's ("City") motion to dismiss Saint John's Communities' ("Saint John's") action for recovery of unlawful taxes under Wis. Stat. § 74.35

---

[1] The Honorable Jeffrey A. Conen presided.

(2019-20).[2] The court of appeals reversed, concluding that Saint John's § 74.35 claim was procedurally deficient because Saint John's did not first pay the tax before filing its claim. We affirm.

¶2 Saint John's argues that it properly filed a claim for recovery of unlawful taxes according to all procedures required under Wis. Stat. § 74.35. According to Saint John's, § 74.35 contains no requirement that taxpayers first pay the challenged tax prior to filing a claim for recovery of unlawful taxes against the City. It argues that the only temporal requirements are that taxpayers both pay the challenged tax and file the claim by January 31 of the year in which the tax is payable. As a result, Saint John's argues that the circuit court properly denied the City's motion to dismiss, and that the court of appeals erred in reversing that decision.

¶3 We conclude that Saint John's claim for recovery of unlawful taxes was procedurally deficient. According to Wis. Stat. § 74.35(2)(a), "[a] person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax." The plain language of this statute requires Saint John's to first pay the challenged tax or any authorized installment payment[3] prior to

_____

[2] All subsequent references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

[3] For ease of reading, we refer to payments of a tax both in full and in installments as payments of "the tax."

2

filing a claim. If Saint John's has not yet paid the tax, then Saint John's is not "aggrieved by the levy and collection of an unlawful tax," and there is no paid tax to "recover." Saint John's did not make any payment of the challenged tax before it filed its § 74.35 claim. Therefore, Saint John's § 74.35 claim was procedurally deficient, and the circuit court erred in denying the City's motion to dismiss. We affirm the court of appeals' decision.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶4 The relevant facts are not in dispute. Saint John's owns an age-restricted continuing care retirement community located on a single parcel in the City of Milwaukee (the "Property"). For tax years 2010 through 2018, the City recognized the Property as fully exempt from property taxation under Wis. Stat. § 70.11.

¶5 In 2018, Saint John's began a project to renovate and expand the Property. Saint John's built new facilities in an area of the Property previously used for parking, and it demolished its existing facilities. In 2019, the City Assessor determined this was a new use of the Property and notified Saint John's that the City no longer considered the Property to be tax-exempt.[4]

---

[4] Although Saint John's timely filed an appeal with the City Board of Review challenging the assessment as excessive, it failed to file an exemption request by the March 1, 2019 deadline. The City and Saint John's disagree as to whether Saint John's was required to file an exemption request. However, this issue is not a part of our review.

3

¶6 On November 8, 2019, Saint John's filed a claim to recover unlawful taxes pursuant to Wis. Stat. § 74.35. The City informed Saint John's that its claim was premature because the City had not yet levied the tax, and because Saint John's had not yet paid the challenged tax and was therefore not "aggrieved by the levy and collection of an unlawful tax" under § 74.35(2). The City levied the tax on November 27, 2019. Saint John's filed a second § 74.35 claim on December 5, 2019, the same day the City issued the 2019 property tax bill to Saint John's. At this point, Saint John's still had not paid the challenged tax.

¶7 At the recommendation of the City Attorney, the City disallowed Saint John's claim on January 21, 2020, because Saint John's did not pay the challenged tax prior to filing its Wis. Stat. § 74.35 claim. The next day, Saint John's paid the first installment of its 2019 property tax bill.

¶8 On January 22, 2020, Saint John's commenced this lawsuit against the City, alleging claims under Wis. Stat. §§ 74.35, 74.33, 74.41, the Uniformity Clause of the Wisconsin Constitution, and 42 U.S.C. § 1983. The claim involving Wis. Stat. § 74.35 is the only claim before us.

¶9 On February 7, 2020, the City filed a motion to dismiss Saint John's lawsuit for failure to state a claim upon which relief can be granted. See Wis. Stat. § 802.06(2)(a)6. The City argued that Saint John's Wis. Stat. § 74.35 claim for recovery of an unlawful tax was procedurally deficient because Saint John's did not first pay the tax before filing its claim. Saint John's argued that its claim was not procedurally

4

deficient because there is no requirement in § 74.35 that the tax be paid before filing a claim.  In a written decision dated August 5, 2020, the circuit court denied the City's motion in part.[5]

¶10  On April 9, 2020, before the court issued its written decision denying the City's motion to dismiss, Saint John's filed a motion for partial summary judgment on the merits of its claim.  Saint John's argued that the property tax was unlawful because the Property was tax-exempt, and that Saint John's was not required to submit a new exemption application.  The City opposed the motion, arguing that Saint John's failed to timely file an exemption application.  On September 8, 2020, the circuit court held a hearing on the motion and granted partial summary judgment in favor of Saint John's based on its claims under Wis. Stat. §§ 74.35(1) and 74.33(1)(c), ordering a refund of the 2019 taxes with interest.  The circuit court issued a written order to this effect on September 24, 2020.

¶11  The City appealed both the August 5, 2020 order denying the City's motion to dismiss and the September 24, 2020 order granting partial summary judgment to Saint John's.  The court of appeals reversed the circuit court's order granting partial summary judgment and remanded the matter to the circuit court with direction to grant the City's motion to dismiss in full.  Saint John's Communities, Inc., 399 Wis. 2d 729, ¶27.

---

[5] The circuit court partially granted the City's motion to dismiss as to Saint John's claim under 42 U.S.C. § 1983.

The court of appeals reasoned that the City's motion to dismiss should have been granted because Saint John's filed its claim without first paying the challenged tax, making the claim procedurally deficient. Id., ¶26.

¶12 Saint John's petitioned this court for review of its claim under Wis. Stat. § 74.35, which we granted.

## II. STANDARD OF REVIEW

¶13 In this case, we review a motion to dismiss for failure to state a claim. "Whether a complaint states a claim upon which relief can be granted is a question of law for our independent review; however, we benefit from discussions of the court of appeals and circuit court." Data Key Partners v. Permira Advisers LLC, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. "When we review a motion to dismiss, factual allegations in the complaint are accepted as true for purposes of our review. However, legal conclusions asserted in a complaint are not accepted . . . ." Id., ¶18 (citation omitted).

¶14 This case also presents a question of statutory interpretation. "Interpretation of a statute is a question of law that we review de novo, although we benefit from the analyses of the circuit court and the court of appeals." Est. of Miller v. Storey, 2017 WI 99, ¶25, 378 Wis. 2d 358, 903 N.W.2d 759. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except that

6

technical or specially-defined words or phrases are given their technical or special definitional meaning." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted) (quoting Seider v. O'Connell, 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659). "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id., ¶46. Additionally, "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." Id. "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." Id.

### III. ANALYSIS

¶15 On appeal, Saint John's argues its Wis. Stat. § 74.35 complaint properly stated a claim and that all procedural requirements under § 74.35 were met. According to Saint John's, § 74.35 contains no requirement that a taxpayer must first pay the tax prior to filing a recovery claim against the taxation district. Saint John's argues that the only temporal requirement is that the tax be "timely paid," that is, by January 31. We disagree. We conclude that the plain language of § 74.35 requires a taxpayer to pay the challenged tax prior to filing a claim for recovery of unlawful taxes against a taxation district. Because Saint John's did not pay the

7

challenged tax prior to filing its claim, Saint John's claim was procedurally deficient. § 74.35(2)(a).

## A. Whether A Taxpayer Must Pay Before Filing A Recovery Claim.

¶16 Wisconsin Stat. § 74.35 establishes the exclusive procedure for taxpayers to "claim that property is exempt" from taxation.[6]   § 74.35(2m) ("A claim that property is exempt . . . may be made only in an action under this section. Such a claim may not be made by means of an action under s. 74.33 or an action for a declaratory judgment under s. 806.04.").[7]

¶17 Wisconsin Stat. § 74.35(2), titled "Claims against taxation district," states, "A person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax."  § 74.35(2)(a) (emphases added).  Section 74.35(2)(a) requires that persons who "may file a claim" must have been "aggrieved" by both the "levy" and "collection" of the assessed tax.  A person cannot be "aggrieved" by the "collection" of an unlawful tax unless the

---

[6] This is not the exclusive procedure for claims that property is exempt from taxation under either Wis. Stat. § 70.11(21) or (27), neither of which apply to this case.

[7] Where Wis. Stat. § 74.35 uses the term "claim," it is referring only to a claim filed with the taxation district as opposed to a complaint filed with the circuit court.  The statute uses the term "action" to refer to the latter.  See § 74.35(2m), (3).

tax has actually been collected.[8]  See Aggrieved, The American Heritage Dictionary of the English Language 34 (3d ed. 1992) (defining "aggrieved" as "[t]reated unjustly, as by denial of or infringement upon one's legal rights"); Collection, id. at 372 (defining "collection" as "[t]he act . . . of collecting").[9]

¶18 Once a person has been "aggrieved by the levy and collection" of a tax, that person "may file a claim to recover the unlawful tax."  Wis. Stat. § 74.35(2)(a).  "Recover" connotes that the tax has already been paid.  One cannot recover——that is, "get back," "regain," or be "compensate[d] for"——a tax that has not been paid.  Recover, The American Heritage Dictionary of the English Language, supra ¶17, at 1511.

---

[8] Saint John's asserts that focusing on the "collection" requirement makes the terms "levy" and "assessed" meaningless. To the contrary, our interpretation gives full meaning to each term in the statute.  Wisconsin Stat. § 74.35(2)(a) permits claims by persons "aggrieved by the levy and collection of an unlawful tax assessed" (emphasis added).  The statute uses conjunctive language, requiring that the tax must have first been assessed, levied, and collected to file a claim.  See Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 116 (2012) (conjunctive/disjunctive canon).

[9] An alternative definition for "collection" is the "process of collecting."  Collection, The American Heritage Dictionary of the English Language 372 (3d ed. 1992).  However, Wis. Stat. § 74.35(a) most naturally refers to the act of collecting, not the process, because the statute separately states the other steps of the collection process: "levy and collection of an unlawful tax assessed" (emphases added).

¶19 The plain interpretation of Wis. Stat. § 74.35 is that a taxpayer must first pay the tax before filing a claim.[10] Otherwise, the taxpayer is not yet "aggrieved by the levy and collection of an unlawful tax," and there is no unlawful tax to "recover." § 74.35(2)(a). This conclusion is further supported by how interest is calculated pursuant to § 74.35. Section 74.35(4) states, "The amount of a claim filed under sub. (2) or an action commenced under sub. (3) may include interest computed from the date of filing the claim against the taxation district, at the rate of 0.8 percent per month."[11] In other words, any

---

[10] A taxpayer need not pay a tax in full before filing a claim. Wisconsin Stat. § 74.35(5)(c) states, "No claim may be filed or maintained under this section unless the tax for which the claim is filed, or any authorized installment payment of the tax, is timely paid . . . ." Additionally, counsel for the City said at oral argument, "At minimum, [Saint John's] had to choose to pay their tax in full or make their first installment payment. Once that act occurred, then . . . they can file the claim." It is therefore sufficient to timely pay an authorized installment before filing a claim.

[11] Wisconsin Stat. § 74.35(4) was recently amended to read as follows:

> The amount of a claim filed under sub. (2) or an action commenced under sub. (3) may include interest at the average annual discount rate determined by the last auction of 6-month U.S. treasury bills before the date of filing the claim per day for the period between the time when the tax was due and the date that the claim was paid.

2021 Wis. Act 162, § 1 (to take effect January 1, 2023). However, this amendment does not impact our analysis because it was not in effect at the time the tax at issue was assessed or levied. See Brown County v. Brown Cnty. Taxpayers Ass'n, 2022 WI 13, ¶2 n.2, 400 Wis. 2d 781, 971 N.W.2d 491.

interest awarded is calculated "from the date of filing the claim," not from the date the tax was paid. § 74.35(4). If a taxpayer could file a claim before paying the tax, there would be no sum paid upon which interest could accrue. A taxpayer would receive a windfall interest payment on funds still in the taxpayer's possession. Requiring a taxpayer to pay the tax before filing a claim ensures that taxpayers can receive interest payments only on sums they actually paid. This further supports that the most reasonable reading of § 74.35 as a whole is that a taxpayer must pay the tax before filing a claim.

¶20  In sum, the plain meaning of Wis. Stat. § 74.35(2)(a) requires taxpayers to first pay the challenged tax prior to filing a claim for recovery of unlawful taxes with the taxation district.

### B.  Saint John's Arguments

¶21 Saint John's first argues that Wis. Stat. § 74.35(2)(a) does not impose any temporal requirement for when a taxpayer must pay the tax. Instead, according to Saint John's, subsec. (2)(a) is "merely an introductory provision, orienting the reader to the general subject matter (unlawful taxes) and parties (taxpayer and municipality)." This argument fails to "give reasonable effect to every word" and effectively reads the first half of subsec. (2)(a) out of the statute. Kalal, 271 Wis. 2d 633, ¶46; see also James v. Heinrich, 2021 WI 58, ¶23, 397 Wis. 2d 517, 960 N.W.2d 350 (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012)) (alterations in original) ("[T]he courts

11

must . . . lean in favor of a construction which will render every word operative, rather than one which may make some idle and nugatory."). Rather, subsec. (2)(a) is a substantive provision that defines who "may file a claim." This interpretation properly gives effect to subsec. (2)(a) rather than disregarding it as "merely an introductory provision."

¶22 Saint John's also argues that Wis. Stat. § 74.35 contains procedural requirements in subsecs. (2)(b), (5)(a), and (5)(c). It contends that if there were a requirement that taxes be paid before filing a claim, one of these subsections "would be a logical location for the legislature to have inserted such a requirement." Section 74.35(2)(b) lists certain "conditions" that "[a] claim filed under this section shall meet."[12] Section

---

[12] A claim filed under Wis. Stat. § 74.35 "shall meet all of the following conditions":

    1. Be in writing.

    2. State the alleged circumstances giving rise to the claim, including the basis for the claim as specified in s. 74.33(1)(a) to (e).

    3. State as accurately as possible the amount of the claim.

    4. Be signed by the claimant or his or her agent.

    5. Be served on the clerk of the taxation district in the manner prescribed in s. 801.11(4).

74.35(5)(a) requires that "a claim under this section shall be filed by January 31 of the year in which the tax is payable,"[13] and § 74.35(5)(c) states, "No claim may be filed or maintained under this section unless the tax for which the claim is filed, or any authorized installment payment of the tax, is timely paid . . . ." Nothing in the language of any of these subsections indicates that they are the exclusive temporal conditions taxpayers must satisfy, and reading them as such renders the language in § 74.35(2)(a) inoperative. We decline to do so.

¶23 Next, turning to surrounding statutes, Saint John's finds Wis. Stat. §§ 74.33 and 74.37, governing palpable error and excessive assessment claims respectively, to be informative. Saint John's alleges that neither of these statutes require taxpayers to first pay a tax before filing and that this means

---

§ 74.35(2)(b). Saint John's interprets the third condition, "State as accurately as possible the amount of the claim," as evidence that a taxpayer need not first pay the tax because, if that were the case, the taxpayer would always know the exact amount because it is in the tax bill. This argument conflates the amount stated in the tax bill with the "amount of the claim." The claim amount will not always be the full amount stated in the tax bill where, for example, only a portion of the tax is challenged as unlawful. See §§ 74.35(1), 74.33(1).

[13] Saint John's identifies the word "payable" as indicating that the tax need not have been previously paid. Saint John's reads too much into this term. "[P]ayable" identifies only the year in which a claim must be filed: "the year in which the tax is payable." Wis. Stat. § 74.35(5)(a).

Wis. Stat. § 74.35 contains no such requirement either.[14] Although we may look to surrounding statutes to determine plain meaning, §§ 74.33 and 74.37 do not change our plain meaning analysis in this case.

¶24 Wisconsin Stat. § 74.33 governing palpable error does not change our analysis of Wis. Stat. § 74.35 because, unlike § 74.35, it contains no procedure at all for taxpayers to file a claim. The two statutes also do not contain similar language. For example, Saint John's points to § 74.33's statement that "the governing body of the taxation district may refund or rescind in whole or in part any general property tax." § 74.33(1). It argues this statement supports that there is no requirement to pay a tax prior to filing a claim because the word "rescind" refers to unpaid amounts. However, this language appears only in § 74.33, so it does not change our analysis of § 74.35.

¶25 Although Wis. Stat. § 74.37 governing claims of excessive assessment contains some similar language, we need not

---

[14] Saint John's urges that "[t]his assertion must be treated as true for purposes of the City's motion to dismiss." Even at the motion to dismiss stage, we are under no obligation to accept Saint John's assertions of law as true. Data Key Partners v. Permira Advisers LLC, 2014 WI 86, ¶18, 356 Wis. 2d 665, 849 N.W.2d 693.

Relatedly, Saint John's relies on Wis. Stat. § 74.35's prior version, Wis. Stat. § 74.73 (1985-86), which covered both claims for recovery of an unlawful tax and claims for excessive assessment. That version required taxpayers to pay the tax before the filing deadline. However, this requirement applied only to excessive assessment claims, so it does not inform our analysis of a recovery of unlawful taxes claim.

look to it for guidance either. Section 74.35 is the exclusive procedure for recovering unlawful taxes on a property that is tax-exempt. § 74.35(2m). "[T]he legislature has recognized the distinction between claims of tax exemption and those of excessive assessment, and it has created a separate appeals process for excessive assessment cases." Hermann v. Town of Delavan, 215 Wis. 2d 370, 391, 572 N.W.2d 855 (1998). The processes are not necessarily the same, so § 74.37 does not change our interpretation of § 74.35 in this case.

¶26  Finally, Saint John's argues that requiring taxpayers to first pay the tax before filing a claim will lead to absurd results. Saint John's characterizes this rule as forcing taxpayers to choose between forfeiting the "right to pay taxes up until January 31" and being put in the "precarious position of delaying payment of taxes until the last day for payment and filing the claim the same day." We reject Saint John's invitation to engage in this results-based analysis. The absurdity canon is reserved only for those interpretations that no reasonable person could intend, not interpretations that "may seem odd." Scalia & Garner, supra ¶21, at 237 (quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 565 (2005)). "The oddity or anomaly of certain consequences may be a perfectly valid reason for choosing one textually permissible interpretation over another, but it is no basis for disregarding or changing the text." Id. We refuse to disregard Wis. Stat. § 74.35's plain and express meaning based on a result Saint John's considers undesirable.

15

¶27 Because we conclude that Wis. Stat. § 74.35 unambiguously requires taxpayers to first pay the tax prior to filing a claim for recovery of unlawful taxes, we need not address Saint John's arguments regarding legislative history, construction of procedural requirements, and policy considerations. Kalal, 271 Wis. 2d 633, ¶46 ("Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation . . . ."). We also decline to address Saint John's claim under the Uniformity Clause because it is undeveloped. Wis. Conference Bd. of Trustees of United Methodist Church, Inc. v. Culver, 2001 WI 55, ¶38, 243 Wis. 2d 394, 627 N.W.2d 469 (quoting Cemetery Servs., Inc. v. Dep't of Reg. & Licens., 221 Wis. 2d 817, 831, 586 N.W.2d 191 (Ct. App. 1998)) ("Constitutional claims are very complicated from an analytic perspective, both to brief and to decide. . . . [W]e generally choose not to decide issues that are not adequately developed by the parties in their briefs.").

### C. Failure To State A Claim

¶28 Based on the facts Saint John's alleged in its complaint filed in circuit court, Saint John's failed to state a claim upon which relief can be granted. Saint John's filed its first Wis. Stat. § 74.35 claim on November 8, 2019. Saint John's does not allege that it paid any of the challenged tax before filing. Thereafter, the City notified Saint John's that the claim was premature because Saint John's had not yet paid the challenged tax. On December 5, 2019, Saint John's filed a second claim with the City. Again, Saint John's does not allege

16

that it paid any of the challenged tax before filing this claim. Saint John's only alleges that it paid a portion of the tax on January 22, 2020, over a month after it filed its second § 74.35 claim. Based on these allegations, Saint John's § 74.35 claim was untimely because Saint John's was not yet "aggrieved by the levy and collection of an unlawful tax" and was unable to "recover" any tax at the time Saint John's filed the claim. § 74.35(2)(a). Accordingly, Saint John's failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

¶29 Saint John's argues that it properly filed a claim for recovery of unlawful taxes according to all procedures required under Wis. Stat. § 74.35. According to Saint John's, § 74.35 contains no requirement that taxpayers first pay the challenged tax prior to filing a claim for recovery of unlawful taxes against the City. It argues that the only temporal requirements are that taxpayers both pay the challenged tax and file the claim by January 31 of the year in which the tax is payable. As a result, Saint John's argues that the circuit court properly denied the City's motion to dismiss, and that the court of appeals erred in reversing that decision.

¶30 We conclude that Saint John's claim for recovery of unlawful taxes was procedurally deficient. According to Wis. Stat. § 74.35(2)(a), "[a] person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax." The plain

17

language of this statute requires Saint John's to first pay the challenged tax or any authorized installment payment prior to filing a claim. If Saint John's has not yet paid the tax, then Saint John's is not "aggrieved by the levy and collection of an unlawful tax," and there is no paid tax to "recover." Saint John's did not make any payment of the challenged tax before it filed its § 74.35 claim. Therefore, Saint John's § 74.35 claim was procedurally deficient, and the circuit court erred in denying the City's motion to dismiss. We affirm the court of appeals' decision.

*By the Court.*—The decision of the court of appeals is affirmed.