COURT OF APPEALS
DECISION
DATED AND FILED

April 22, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP2173**

Cir. Ct. No.  **2022CV59**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

TOWN HOMES OF SHELL LAKE CONDOMINIUM ASSOCIATION, INC.,

   PLAINTIFF-APPELLANT,

 V.

COUNTY OF WASHBURN AND WASHBURN COUNTY,

   DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Washburn County: ANGELINE E. WINTON, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Town Homes of Shell Lake Condominium Association, Inc. ("the Association") appeals an order dismissing, with prejudice,

its declaratory judgment action against Washburn County.  The Association argues that the circuit court erred by dismissing its complaint because the Association was not required to comply with the procedural requirements in WIS. STAT. § 74.35 (2023-24)[1] to assert its claim and because the court prematurely applied WIS. STAT. § 893.80 to dismiss the complaint.  We reject the Association's arguments regarding § 74.35 and affirm on that basis.

### BACKGROUND

¶2      According to the complaint, the condominium property is located in the City of Shell Lake, Wisconsin, and consists of eight owner-occupied units, two detached garage buildings, and some undeveloped land.  The Association was organized in 2003, at which time it recorded a condominium declaration and the condominium's plat with the County's register of deeds.[2]  The original declaration specified fourteen units for the property, and those units were depicted on the plat.  By 2005, eight units had been built, five of those units had been sold, and three units remained unsold.  The owners of the five sold units purchased from the developer the remaining undeveloped portions of the land that would have been used to build the six other units.

¶3      The owners and the developer also amended the condominium declaration, which was recorded with the County's register of deeds.  The amended declaration stated that there would be only eight units on the property, and it

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] A condominium is established by recording a condominium declaration and a plat "with the register of deeds of the county where the property is located."  WIS. STAT. § 703.07(1).  The term "condominium" is defined as "property subject to a condominium declaration established under" WIS. STAT. ch. 703.  WIS. STAT. § 703.02(4).

2

identified those units by the unit numbers in the plat; that the six remaining units would not be built; and that the land on which those six units were to be built, "together with the [l]imited [c]ommon [e]lements associated with said units, shall be common ground."[3] The amended declaration also provided that the Association reserved the right to build garages on the land designated for four of the six unbuilt units and that any garage built on the property "shall be owned by the individual [u]nit [o]wner." Further, the amended declaration stated that each unit owner was "entitled to ownership of any common areas on the basis of a one-eighth interest."

¶4 As a result of the amendment to the condominium declaration, the Association alleged that the six unbuilt units were "extinguished as a matter of law, and the underlying land became part of the common elements of" the property. Between 2005 and 2006, the Association constructed two detached garage buildings on the land designated for four of the six unbuilt units, as provided in the amended declaration. From 2005 to 2017, the Association paid real estate tax assessments for the eight built units without dispute, but it did not pay a separate assessment for each of the six unbuilt units.

¶5 In 2018, the County real property lister designated each of the six unbuilt units as separate tax parcels.[4] According to the Association, the lister incorrectly designated the six unbuilt units as separate tax parcels and incorrectly listed the Association as the owner of those parcels. The Association alleged that

---

[3] The amended condominium declaration "used the term 'common ground' to describe the 'common elements,' because 'common ground' was the description used to identify the common elements in the original plat." The term "common elements" means "all of a condominium except its units." WIS. STAT. § 703.02(2).

[4] Pursuant to WIS. STAT. § 70.09, a "county board may appoint a county real property lister" and it may delegate to the lister the duties in § 70.09(2), which include providing parcel information for property tax assessment purposes. Sec. 70.09(1)-(2).

3

both errors occurred because the lister relied upon the original condominium declaration instead of the amended declaration. Based on the lister's designation of the unbuilt units as separate tax parcels, the City of Shell Lake's assessor determined that those six parcels "had been erroneously 'omitted' from taxation" in the two previous years. As a result, three years of taxes were assessed for those parcels, and the Association was named as the responsible taxpayer on the tax statements.

¶6 The Association declined to pay the taxes assessed for the unbuilt units and, in 2022, filed a declaratory judgment action under WIS. STAT. § 806.04 against the County. The Association alleged that the unbuilt units were no longer units under the amended condominium declaration because they had been converted into common elements, which are not separately taxable. The Association also alleged that the County's employees and representatives had refused to discuss the merits of the dispute and had instead "taken steps to seize the common property because of the allegedly unpaid taxes." As relief, the Association sought declarations that "the 2018 designation of six 'new' tax parcels in the Town Homes Condominium was and is null, void, and of no force or effect" and that "the designation of the six former units as 'omitted' taxable parcels, and the resulting three years of taxes assessed, was and is null, void, and of no force or effect."

¶7 The County moved to dismiss the Association's complaint, pursuant to WIS. STAT. § 802.06(2)(a)6., for failure to state a claim against it. The County argued that the Association's action was barred by several provisions of WIS. STAT. § 74.35, that the Association named the incorrect defendant (stating that the City of Shell Lake was the responsible taxing authority), and that the Association failed to comply with WIS. STAT. § 893.80(1d).

¶8     The circuit court held a nonevidentiary hearing and later issued an oral ruling granting the County's motion. The court concluded that the Association's complaint necessarily stated a claim under WIS. STAT. § 74.35 and that the Association had failed to comply with the statute's requirements for bringing its claim. The court also concluded that the Association had failed to comply with the notice requirements in WIS. STAT. § 893.80(1d).

¶9     The circuit court then issued an order dismissing the Association's complaint with prejudice. The Association now appeals.

## DISCUSSION

¶10    On appeal, the Association argues that the circuit court "misunderstood the nature of the claims asserted," and if its claims were properly understood, its declaratory judgment action was proper. Noting the County lister's statutory duties, the Association contends that if the lister had consulted the amended condominium declaration and had used that declaration in performing his duties, the six unbuilt units "would never have been listed, [would have been] furnished to the assessor with the statutory imprimatur of accuracy, [and] the taxes would not have been assessed for the current plus two 'omitted' years." Because its complaint is based on the lister's failure to properly perform his duties, the Association asserts that the court erred by concluding that WIS. STAT. § 74.35 barred the Association's action.

¶11    In response, the County argues that the Association "ultimately seeks relief from the imposition of a property tax" because the allegations in the Association's complaint challenge the "lawfulness" of the property taxes assessed for the six unbuilt units, which is invariably and ultimately a claim under WIS. STAT. § 74.35.

¶12     Whether the Association's complaint states a claim upon which relief can be granted is a question of law that we review independently. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. When we review a motion to dismiss for failure to state a claim, "we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." *Id.*, ¶19. The complaint "must plead facts, which if true, would entitle the plaintiff to relief." *Id.*, ¶21. The sufficiency of the complaint "depends on substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled." *Id.*, ¶31.

¶13     Resolving this appeal also involves the interpretation and application of statutes. The goal of statutory interpretation is to give the statute its "full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. When interpreting a statute, we give statutory language "its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*, ¶45. "If the meaning of the statute is plain, we ordinarily stop the inquiry." *Saint John's Communities, Inc. v. City of Milwaukee*, 2022 WI 69, ¶14, 404 Wis. 2d 605, 982 N.W.2d 78 (citation omitted).

¶14     The Association focuses on the County lister's duties in WIS. STAT. § 70.09(2) to argue that its complaint challenges only the County lister's actions and that the lister's duty to accurately list taxable parcels of real estate is not a "mere 'clerical' function in which a 'clerical error' might occur."[5] Citing *First Wisconsin*

---

[5] The County lister's duties include "prepar[ing] and maintain[ing] accurate ownership and description information for all parcels of real property in the county," "provid[ing] information on parcels of real property in the county for the use of taxation district assessors," and "serv[ing] as the coordinator between the county and the taxation districts in the county for assessment and taxation purposes." WIS. STAT. § 70.09(2)(a)-(c).

*National Bank v. Nicolaou*, 113 Wis. 2d 524, 335 N.W.2d 390 (1983), the Association contends that the lister's "failure to honor the clear terms" of the amended condominium declaration is an error of law because, pursuant to WIS. STAT. § 703.21(1), "the undivided pro rata interest of each condominium unit owner in the condominium's common elements is specifically part of each unit owner's tax obligation, not a separate tax parcel." From the foregoing propositions, the Association argues that the lister's errors entitle it to the declarations it seeks, both of which ultimately justify its failure to pay the challenged tax assessments.

¶15　We conclude that the allegations in the Association's complaint invariably challenge an unlawful property tax assessment due to an alleged clerical error under WIS. STAT. § 74.35. Indeed, it was not until the City of Shell Lake's tax assessor determined that the six unbuilt units "had been erroneously 'omitted' from taxation" in the two previous years and assessed three years of taxes for those parcels, naming the Association as the responsible taxpayer, that the Association was harmed by anything the County lister did or failed to do. Because WIS. STAT. chs. 70 and 74 provide the exclusive procedures for challenging real property tax assessments, the Association's declaratory judgment action was improper. *See Hermann v. Town of Delavan*, 215 Wis. 2d 370, 382, 572 N.W.2d 855 (1998).

¶16　Under WIS. STAT. § 74.35(2)(a), "[a] person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax."[6] The "taxation district" is the "city, village or town," not the county. WIS. STAT.

---

[6] The word "claim" refers "only to a claim filed with the taxation district as opposed to a complaint filed with the circuit court. The statute uses the term 'action' to refer to the latter." *Saint John's Communities, Inc. v. City of Milwaukee*, 2022 WI 69, ¶16 n.7, 404 Wis. 2d 605, 982 N.W.2d 78 (citing WIS. STAT. § 74.35(2m), (3)).

§ 74.01(6). An "unlawful tax" is "a general property tax with respect to which one or more errors specified in [WIS. STAT. §] 74.33(1)(a) to (f) were made." Sec. 74.35(1). One of the errors in § 74.33(1) is a clerical error "made in the description of the property or in the computation of the tax." Sec. 74.33(1)(a).

¶17 Here, the Association's complaint alleged that both the original and amended condominium declarations were recorded with the County's register of deeds, and the complaint detailed the numerous changes made to the property that resulted in the amended declaration. The complaint specifically pointed to the amended declaration's statement that the land on which the six unbuilt units were to be built would be part of the condominium's common elements. Because the County lister had consulted the original declaration rather than having "consulted and utilized properly" the amended declaration, the Association's complaint alleged that the lister incorrectly designated the six unbuilt units as separate tax parcels and the Association as the responsible taxpayer. As a result of the lister's error and the city assessor's reliance on that error, the Association sought to invalidate the designation of the six unbuilt units as separate tax parcels and the resulting three years of assessed taxes.

¶18 Taking these allegations as true, it is clear that the Association is, in fact, challenging an unlawful property tax that resulted from an error that the County lister "made in the description of the property," on which the City of Shell Lake's assessor relied. *See* WIS. STAT. § 74.33(1)(a). The Association's complaint ultimately claims that an unlawful property tax was assessed against it because the city relied on an error stemming from the County lister looking at the wrong condominium declaration and incorrectly describing the six unbuilt units as separate tax parcels. This type of mistake is a clerical error "made in the description of the

8

property," under § 74.33(1)(a), and ultimately relied upon by the taxing authority.[7] Because of this error, the Association sought a declaration that the assessed taxes were "null, void, and of no force or effect," or, in other words, that the assessed taxes were "unlawful." Thus, the Association has stated a claim under WIS. STAT. § 74.35, and it was required to follow the procedural requirements in that section. *See Hermann*, 215 Wis. 2d at 394.

¶19 Contrary to the Association's contention, the County lister's error in his designation of the six unbuilt units on which the city assessor relied, as alleged by the Association, is "a mere 'clerical error'" and currently is not an error of law

---

[7] In its reply brief, the Association argues that there are questions of fact regarding the County lister's determination, suggesting that it could have been an intentional decision rather than a "mistake." There are a number of problems with the Association's argument in this regard. First, neither in its complaint—nor at anytime in the circuit court proceedings—nor (importantly) in its initial appellate brief did the Association ever suggest, much less argue, that the lister's determination was intentional. In fact, in its initial appellate brief, the Association specifically argued that "*[h]ad* the duly recorded [amended condominium] [d]eclaration *been consulted* and utilized properly in the performance of [the lister's] duties, the eliminated condominium units would never have been listed" and "furnished to the assessor with the statutory imprimatur of accuracy." (Emphasis added.) Plainly, this framing characterized the problem as the lister failing to even consult the amended declaration, not the lister intentionally ignoring it.

Second, this newfound dispute is irrelevant for our purposes. On a motion to dismiss, we take the complaint's factual allegations as true. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693. Here, the Association's complaint did not allege that the County lister intended to ignore the amended condominium declaration. As the drafter of its own complaint, the Association could have easily so included that allegation, if it had a reasonable basis to do so. *See Tikalsky v. Friedman*, 2019 WI 56, ¶25, 386 Wis. 2d 757, 928 N.W.2d 502 (stating that a plaintiff is "the master of his [or her] pleadings"). Finally, and most importantly, as we have noted, the Association is complaining, and must be complaining, that the City of Shell Lake's tax assessor unlawfully assessed property taxes for the six unbuilt units based on its adoption of the lister's description, which, by the Association's own argument, was documented for the assessor to use in error—i.e., a "clerical" error, at least so far as the assessor is concerned.

over which the Association can directly sue the County.[8] The Association appears to equate the lister's alleged failure to consult and properly use the condominium declarations with an alleged misunderstanding of either condominium law or a lister's statutory duties. Again, this notion is unpersuasive, given that the allegations in the complaint focus heavily on the language in the amended declaration and the lister's failure to consult and use that declaration.

¶20    Thus, the Association's reliance on *Nicolaou*, a Wisconsin Consumer Act case, is misplaced, given that the error alleged here is a failure to properly consult and use the available condominium declarations, rather than a mistaken belief about an applicable law. *See Nicolaou*, 113 Wis. 2d at 532-33, 536 (concluding that the bank's mistaken belief that California law, not Wisconsin law, applied to its repossession of the defendants' vehicle was an error of law that did not qualify as a bona fide error as that term is used in the Wisconsin Consumer Act); *see also Ahrens v. Town of Fulton*, 2000 WI App 268, ¶20, 240 Wis. 2d 124, 621 N.W.2d 643 (stating that the town's alleged error could not be characterized as a clerical error because the owners alleged that the town intentionally, but erroneously, classified a mobile home as an improvement to real property, rather than as personal property), *aff'd*, 2002 WI 29, 251 Wis. 2d 135, 641 N.W.2d 423.

¶21    The Association also argues that it has never claimed that the unbuilt units are exempt from taxation; instead, its "claim is that as common elements, under the law [the unbuilt units] are part of each unit owner's tax obligation." The

---

[8] Notably, the Association cites no relevant authority in support of its argument that it can seek declaratory judgment of the kind sought against the County in this case. In fact, as even the Association admits in its brief, this case is one of first impression in terms of whether a party may sue a county directly for alleged failures by that county's lister in fulfilling his or her duties under WIS. STAT. § 70.09.

County characterizes this argument as one challenging an unlawful tax on the basis that the Association's property "is exempt by law from taxation," which is another error specified in WIS. STAT. § 74.33(1)(c). According to the County, the Association is claiming that its unbuilt units "are exempt from taxation by operation of WIS. STAT. § 703.21(1)."[9]

¶22 We understand the Association to be arguing that it does not seek to have the unbuilt units untaxed but, rather, that all condominium common elements are to be taxed as part of each unit owner's undivided interest therein. In other words, the unbuilt units *are* taxed but not separately so. While this argument appears to be correct, it is simply a restatement of the Association's claim that there was an error in the County lister's description of its property on which the assessor relied and that the unbuilt units should not have been taxed as separate parcels. To the extent the Association's complaint challenges an unlawful tax on the ground that the six unbuilt units are exempt from taxation in this sense, it is also barred because the Association failed to comply with the procedural requirements in WIS. STAT. § 74.35.[10] To the extent the Association is not making that challenge, its claim was still required to be brought under § 74.35, for the reasons we have previously stated.

¶23 Because the Association's action was subject to the procedural requirements in WIS. STAT. § 74.35, it is barred from bringing this action as it has not paid the property taxes assessed by the City of Shell Lake. A taxpayer must "first pay the challenged tax prior to filing a claim for recovery of unlawful taxes

---

[9] WISCONSIN STAT. § 703.21(1) provides that "[e]very unit and its percentage of undivided interest in the common elements shall be deemed to be a parcel and shall be subject to separate assessments and taxation" and that "[n]either the building, the property nor any of the common elements shall be deemed to be a parcel separate from the unit."

[10] With two exceptions not relevant here, WIS. STAT. § 74.35(2m) explicitly prohibits declaratory judgment actions for claims that a property is exempt.

11

with the taxation district." **Saint John's**, 404 Wis. 2d 605, ¶20; *see also* WIS. STAT. § 74.35(5)(c) ("No claim may be filed or maintained under [§ 74.35] unless the tax for which the claim is filed … is timely paid under [WIS. STAT. §§] 74.11, 74.12, or 74.87."). In addition, and critically, the Association seeks relief against the incorrect party, given its allegation that the City of Shell Lake prepared the tax assessment and the City of Shell Lake, not the County, is the "taxation district" under WIS. STAT. § 74.01(6). Thus, the Association has failed to state a legally viable claim against the County.

¶24 Ultimately, the Association's complaint is challenging an unlawful tax levied by the City of Shell Lake, which the Association must challenge by following the procedural requirements in WIS. STAT. § 74.35. Because the Association failed to do so, its declaratory judgment action was properly dismissed.[11]

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[11] Given that the Association's complaint was properly dismissed, we need not address its argument that the circuit court prematurely applied WIS. STAT. § 893.80 to dismiss its complaint. *See* **Turner v. Taylor**, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (stating that we need not address alternative arguments raised by a party when one is dispositive).