**2025 WI 30**

# Supreme Court of Wisconsin



STATE OF WISCONSIN,
*Plaintiff-Respondent,*

*v.*

CARL LEE MCADORY,
*Defendant-Appellant-Petitioner.*

No. 2023AP645-CR
Decided July 1, 2025

REVIEW of a decision of the Court of Appeals
Rock County Circuit Court (Karl Hanson, J.) No. 2016CF26

DALLET, J., delivered the majority opinion of the Court, in which KAROFSKY, C.J., ANN WALSH BRADLEY, HAGEDORN, and PROTASIEWICZ, JJ., joined. ZIEGLER, J., filed an opinion concurring in the judgment, in which REBECCA GRASSL BRADLEY, J., joined.

¶1    REBECCA FRANK DALLET, J.   A jury found Carl Lee McAdory guilty of both operating a motor vehicle while under the influence of a controlled substance as an eighth offense (OWI), and operating a motor vehicle with a detectable amount of a restricted controlled substance in his

blood as an eighth offense (RCS).[1] *See* WIS. STAT. § 346.63(1)(a), (am) (2015–16).[2]

¶2 At sentencing, and on the State's motion, the circuit court dismissed the RCS charge and guilty verdict and sentenced McAdory only on the OWI pursuant to § 346.63(1)(c). That statute provides that "[i]f the person is found guilty of any combination of" OWI, RCS, or a third offense, operating a motor vehicle with a prohibited alcohol concentration (PAC), "for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under ss. 343.30(1q) and 343.305." *Id.*

¶3 McAdory's conviction for OWI was later reversed, however, and the case was remanded to the circuit court "for a new trial" on the OWI charge. *See State v. McAdory*, 2021 WI App 89, ¶2, 400 Wis. 2d 215, 968 N.W.2d 770 (*McAdory I*). Rather than hold a new trial on remand, the circuit court instead granted a motion by the State to reinstate the previously dismissed RCS charge and guilty verdict.

¶4 We must decide whether the circuit court was permitted to do so. Despite McAdory's many arguments to the contrary, we conclude that it was. We therefore affirm the court of appeals' decision.

I

¶5 After a traffic stop in January 2016, McAdory was charged with both OWI and RCS pursuant to § 346.63(1)(a), (am). An individual may be charged with any combination of OWI, RCS, or PAC in a single complaint that is joined for trial. § 346.63(1)(c). The jury found McAdory guilty of both OWI and RCS.[3] Prior to sentencing the State moved

---

[1] McAdory was also charged and convicted of obstructing an officer and pleaded guilty to one count of operating after revocation. Those convictions are not at issue in this appeal.

[2] All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

[3] The Honorable John M. Wood of the Rock County Circuit Court presided at trial and McAdory's first sentencing.

(without objection) to dismiss the RCS charge and guilty verdict as "duplicative" under § 346.63(1)(c)**.** That statute provides that if a person is found guilty of more than one enumerated offense of OWI, RCS or PAC, "there shall be a single conviction for purposes of sentencing . . . ." *Id.* The circuit court granted the motion, and sentenced McAdory on the OWI charge and verdict alone.

¶6     On appeal, the court of appeals overturned the OWI conviction on grounds unrelated to the RCS charge and guilty verdict.[4] *See McAdory I*, 400 Wis. 2d 215, ¶2. Accordingly the court of appeals' opinion stated that it "reverse[d] and remand[ed] for a new trial on" the OWI offense. *Id.* The mandate line at the close of the opinion said "*By the Court.*—Judgment reversed and cause remanded." *Id.*, ¶71. The State did not seek review of that decision.

¶7     The State did not seek to retry McAdory on remand. Instead, it asked the circuit court to reinstate the previously dismissed RCS charge and guilty verdict, enter a judgment of conviction, and dismiss the OWI charge. The circuit court agreed and proceeded to sentencing on the RCS charge and guilty verdict alone, granting McAdory sentence credit for the time he had already served on the invalidated OWI conviction.

¶8     McAdory challenged the circuit court's reinstatement of the RCS charge and guilty verdict first in post-conviction proceedings and later in the court of appeals. Although his arguments evolved somewhat over that time, McAdory made the following four claims before the court of appeals: (1) that circuit courts lack the authority under § 346.63(1)(c) to reinstate a previously dismissed OWI, RCS, or PAC charge and verdict under § 346.63(1); (2) that doing so in this case violated the court of appeals' mandate in *McAdory I*; (3) that the State forfeited its right to seek reinstatement by failing to raise that prospect in *McAdory I*; and (4) that reinstatement violated his right to be free from double jeopardy.

¶9     The court of appeals rejected each of these arguments. *See generally State v. McAdory*, 2024 WI App 29, ¶5, 412 Wis. 2d 112,

---

[4] Specifically, the court of appeals concluded that a problem with the jury instructions had effectively relieved the State of its burden of proof on one of the elements of OWI in violation of McAdory's due-process rights. *See State v. McAdory*, 2021 WI App 89, ¶2, 400 Wis. 2d 215, 968 N.W.2d 770.

8 N.W.3d 101 (*McAdory II*). First, the court of appeals concluded that the circuit court had implicit statutory authority under § 346.63(1)(c) to reinstate the previously dismissed RCS charge and guilty verdict. *Id.* ¶¶14–21. Second, despite the language in *McAdory I* remanding for a new trial on the OWI charge, the court of appeals explained that its mandate did not prohibit the circuit court from instead granting the State's motion to reinstate the RCS charge and guilty verdict. *Id.* ¶¶23–25. Third, the court of appeals held that the State did not forfeit its ability to seek reinstatement on remand by failing to raise the issue in *McAdory I* because it was not obligated to raise the issue then. *Id.* ¶¶32–37. Fourth, and finally, the court of appeals determined that the Double Jeopardy Clause did not prohibit reinstating the previously dismissed RCS charge and guilty verdict. *Id.* ¶¶38–46.

II

¶10 Before this court, McAdory essentially reiterates the arguments he raised in the court of appeals. First, he contends that the circuit courts lack the authority under § 346.63(1)(c) or any other source to reinstate previously dismissed OWI, PAC, and RCS charges and guilty verdicts rendered under § 346.63(1). Second, he asserts that by failing to raise the possibility of reinstating the RCS charge and guilty verdict in a cross-appeal or its briefing in *McAdory I*, the State forfeited the issue. Third, McAdory argues that reinstating the RCS charge and guilty verdict violated the court of appeals' mandate in *McAdory I* and, for related reasons, that the circuit court lacked competency to reinstate the charge and guilty verdict. Fourth, in McAdory's view, reinstating the previously dismissed RCS charge and guilty verdict violated the Double Jeopardy Clauses of the United States and Wisconsin constitutions. Each of these arguments raise questions of law, which we review *de novo*. *See State v. R.A.M.*, 2024 WI 26, ¶¶9, 18, 412 Wis. 2d 285, 8 N.W.3d 349 (statutory interpretation and competency); *State v. Coffee*, 2020 WI 1, ¶17, 389 Wis. 2d 627, 937 N.W.2d 579 (forfeiture); *State v. Killian*, 2023 WI 52, ¶19, 408 Wis. 2d 92, 991 N.W.2d 387 (double jeopardy).

¶11 We hold that § 346.63(1)(c) implicitly authorized the circuit court to reinstate the previously dismissed RCS charge and guilty verdict on remand. We further conclude that the State did not forfeit its ability to seek reinstatement on remand, that granting the State's request did not violate the court of appeals' mandate in *McAdory I*, and that the circuit court thus had competency. Finally, we also hold that reinstating the

4

previously dismissed RCS charge and guilty verdict did not violate the Double Jeopardy Clause.

A

¶12    We begin with McAdory's assertion that circuit courts lack authority under § 346.63(1)(c) or any other source to reinstate previously dismissed OWI, RCS, and PAC charges and guilty verdicts rendered under § 346.63. Section 346.63(1)(c) provides in full:

> A person may be charged with and a prosecutor may proceed upon a complaint based upon a violation of any combination of par. (a), (am), or (b) [of § 346.63(1)] for acts arising out of the same incident or occurrence. If the person is charged with violating any combination of par. (a), (am), or (b), the offenses shall be joined. If the person is found guilty of any combination of par. (a), (am), or (b) for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [WIS. STAT. §§] 343.30(1q) and 343.305. Paragraphs (a), (am), and (b) each require proof of a fact for conviction which the others do not require.

To summarize, this paragraph provides that an individual may be charged in a single complaint with any combination of OWI, RCS, or PAC arising from the same incident. *See id.* When that happens, the offenses are joined for trial, and if the individual is convicted of one or more of those offenses, "there shall be a single conviction for purposes of sentencing and for purposes of counting convictions" under §§ 343.30(1q) and 343.305.

¶13    Importantly for our purposes, however, § 346.63(1)(c) is silent about two things: (1) what the circuit court must do procedurally after a person is convicted of more than one of the enumerated offenses, and (2) what the circuit court may do on remand if a conviction for one or more of those enumerated offenses is overturned on appeal.

¶14    The first gap in § 346.63(1)(c) has long been filled by the court of appeals' decision in *Town of Menasha v. Bastian*, 178 Wis. 2d 191, 195, 503 N.W.2d 382 (Ct. App. 1993), which explains that if a defendant is convicted of more than one of the § 346.63(1) offenses (OWI, RCS, and PAC) in a single case, "the defendant is to be sentenced on one of the

charges, and the other charge is to be dismissed." That is what happened in McAdory's case when, after the jury returned guilty verdicts on both the OWI and RCS charges, the circuit court dismissed the RCS charge and guilty verdict on the State's motion prior to sentencing, and sentenced McAdory on the OWI conviction alone.

¶15    In its briefing before us, the State argues that *Bastian*'s dismissal procedure is inconsistent with the language of § 346.63(1)(c), and should be overturned, or that we should use our superintending authority to mandate an alternate procedure. *See* WIS. CONST. ART. VII, § 3. McAdory, by contrast, argues that doing so is unnecessary because it would have no bearing on the legal issues he raises in this case, which relate only to the circuit court's later step of reinstating the previously dismissed RCS charge and guilty verdict.

¶16    We agree with McAdory. Even if we were to conclude, as the State urges, that *Bastian* is wrongly decided, that conclusion would have no bearing on any of McAdory's claims. After all, those claims all concern the propriety of reinstating the already-dismissed RCS charge and guilty verdict under § 346.63(1)—not whether it was appropriate to dismiss them in the first place. In other words, whether the circuit court was right or wrong to follow *Bastian* when it dismissed McAdory's RCS charge and guilty verdict is irrelevant to determining whether the circuit court was right to *reinstate* that charge and guilty verdict on remand. Accordingly, we need not and do not address *Bastian* further.[5]

¶17    We focus instead on the question before us, which relates to the second gap in § 346.63(1)(c): what the circuit court may do with

---

[5] For the same reason, we also need not discuss *State v. Bohacheff*, 114 Wis. 2d 402, 338 N.W.2d 466 (1983), which concluded that similar "single conviction" language in WIS. STAT. § 940.25 (1981–82) required that there be a single conviction "for all purposes." *Bohacheff*, 114 Wis. 2d at 413. *Bohacheff*, like *Bastian*, addressed different questions than the ones before us, which concern only what the circuit court may do on remand after having already dismissed a charge and guilty verdict under § 346.63. For that reason, it should not be surprising that no party, the State included, asked us to revisit it. *See SEIU, Local 1 v. Vos*, 2020 WI 67, ¶24, 393 Wis. 2d 38, 946 N.W.2d 35 (explaining that we do not typically "step out of our neutral role to develop or construct arguments for parties").

previously dismissed charges and guilty verdicts if a conviction on one of the offenses enumerated in § 346.63(1) is overturned on appeal. McAdory argues that reinstating the RCS charge and guilty verdict was improper because § 346.63(1) contains no express authorization to do so, and circuit courts also do not have the inherent authority to reinstate dismissed charges and verdicts.

¶18     We disagree. In essence, McAdory argues that because § 346.63(1)(c) does not expressly authorize what the circuit court did, it must prohibit it. But that argument asks us to read too much into the statutory silence, since nothing in the statute prohibits what the circuit court did either. Accepting McAdory's argument would mean that whenever a statute identifies an end goal like "a single conviction for purposes of sentencing and for purposes of counting convictions . . . ," *see* § 346.63(1)(c), but does not specify how courts should reach that goal, every means of implementing the statute is prohibited. That argument cannot be right if for no other reason than it would prevent courts from implementing such statutes entirely.

¶19     We conclude that § 346.63(1) implicitly authorized the circuit court to reinstate the previously dismissed RCS charge and guilty verdict.[6] That authorization flows from the text and structure of § 346.63(1)(c) itself, which establishes a procedure whereby multiple offenses from a single incident can be charged and tried in a single proceeding resulting in a single conviction for purposes of sentencing and counting convictions. *See* § 346.63(1)(c). What the circuit court did—first by dismissing the RCS charge and guilty verdict and later by reinstating it—implemented that statutory structure in a way that gave effect to its central premise, namely that guilty verdicts for the enumerated offenses are fundamentally interchangeable for purposes of § 346.63(1)(c). Moreover, there is no suggestion that the RCS charge and guilty verdict itself was somehow invalid, or legally insufficient in a way that would otherwise make reinstating it improper. In short, the circuit court's approach did not violate any provision of § 346.63(1) or any other statute, and ensured that a statute designed to result in "a single conviction for purposes of

_____

[6] Because we conclude that § 346.63(1) implicitly authorized the circuit court to reinstate the RCS charge and guilty verdict, we need not address the parties' remaining arguments about whether the circuit court also had inherent authority to do so.

sentencing and for purposes of counting convictions" was not transformed into one that results in no conviction at all. *See* § 346.63(1)(c); *see also* WIS. STAT. § 967.055(1)(a) (stating that "[t]he legislature intends to encourage vigorous prosecution of offenses concerning the operation of motor vehicles by persons under the influence of" intoxicants and controlled substances).

B

¶20 McAdory's second argument—that the State forfeited its right to seek reinstatement of the RCS charge and guilty verdict by failing to bring a cross-appeal or brief it in *McAdory I*—fares no better.

¶21 Forfeiture is, at its most basic level, "'the failure to make the timely assertion of a right . . . .'" *State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). According to McAdory, the State failed to assert in a timely manner its right to seek reinstatement of the previously dismissed RCS charge and guilty verdict by not raising that possibility through either a cross-appeal or in its briefing in *McAdory I*.

¶22 Addressing the cross-appeal argument first, when a criminal defendant "appeals or prosecutes a writ of error, the state may move to review rulings of which it complains, as provided" in the general cross-appeals statute, WIS. STAT. § 809.10(2)(b). *See* WIS. STAT. § 974.05(2). That statute, we have explained, permits cross-appeals "only [of] those judgments or orders that could be appealed under the law." *State v. Newman*, 162 Wis. 2d 41, 48, 469 N.W.2d 394 (1991). Another statute, § 974.05(1), identifies the judgments and orders that the state may appeal. Although there are several,[7] the only one that is arguably relevant here is

---

[7] WISCONSIN STAT. § 974.05(1) states in full that:

(1) Within the time period specified by s. 808.04(4) and in the manner provided for civil appeals under chs. 808 and 809, an appeal may be taken by the state from any:

(a) Final order or judgment adverse to the state, whether following a trial or a plea of guilty or no contest, if the appeal would not be prohibited by constitutional protections against double jeopardy.

§ 974.05(1)(a), which says that the State may appeal a "[f]inal order or judgment adverse to the state . . . ."

¶23     We conclude that the State was not required to—and indeed was not permitted to—file a cross-appeal from the dismissal of the RCS charge and guilty verdict. That is because the dismissal occurred at the State's request, and therefore it was not "adverse to the [S]tate." *See* § 974.05(1)(a). If the State could not file a cross-appeal in *McAdory I* asserting its right to seek reinstatement of the RCS charge and guilty verdict, then it cannot have forfeited any argument to that effect by failing to do so. *See Ndina*, 315 Wis. 2d 653, ¶29.

¶24     The State likewise did not forfeit any argument for reinstatement by failing to raise that argument in its briefing in *McAdory I*. Respondents may raise in their briefing before the court of appeals "error[s] which, if corrected, would sustain the judgment" without filing a cross appeal. *See State v. Alles*, 106 Wis. 2d 368, 390, 316 N.W.2d 378 (1982). But *McAdory I* concerned only the judgment of conviction for the OWI charge. *See generally McAdory I*, 400 Wis. 2d 215, ¶2. OWI and RCS are different offenses. *See* § 346.63(1)(a), (am). And for that reason, raising the prospect of reinstating the RCS charge and guilty verdict in *McAdory I* could not in any way have supported the judgment of conviction for OWI. Thus, the State did not forfeit this issue.

---

(b) Order granting postconviction relief under s. 974.02, 974.06, or 974.07.

(c) Judgment and sentence or order of probation not authorized by law.

(d) Order or judgment the substantive effect of which results in:

1. Quashing an arrest warrant;

2. Suppressing evidence; or

3. Suppressing a confession or admission.

9

C

¶25   McAdory additionally argues that reinstating the RCS charge and guilty verdict violated the court of appeals' mandate in *McAdory I* and, consequently, that the circuit court lacked competency on remand to do anything except hold a second trial on the OWI charge. We disagree.

¶26   On remand, circuit courts may not take actions "that conflict with the expressed or implied mandate of the appellate court." *Tietsworth v. Harley-Davidson, Inc.*, 2007 WI 97, ¶32, 303 Wis. 2d 94, 735 N.W.2d 418. To that end, WIS. STAT. § 808.08(1) and (2) provide that when a remand is accompanied by instructions "to take specific action, the judge shall do so as soon as possible," and when a new trial is ordered, "the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar." Circuit courts nevertheless have "some discretion on remand to resolve matters not addressed by a mandate in a manner consistent with that mandate." *State ex rel. J.H. Findorff & Son, Inc. v. Cir. Ct. for Milwaukee Cnty.*, 2000 WI 30, ¶25, 233 Wis. 2d 428, 608 N.W.2d 679.

¶27   McAdory argues that because the court of appeals' opinion in *McAdory I* reversed the judgment of conviction on the OWI charge and "remand[ed] for a new trial on" that charge, the circuit court had only one option on remand: to hold a new trial on the OWI charge. *See McAdory I*, 400 Wis. 2d 215, ¶2. He further argues that § 808.08(2) required the circuit court to hold a new trial and, since that section is "central to the statutory scheme" governing remands, the circuit court lacked competency to reinstate the RCS charge and guilty verdict. *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶10, 273 Wis. 2d 76, 681 N.W.2d 190 (quoting another source).

¶28   The court of appeals, however, considered these arguments and rejected them. *See McAdory II*, 412 Wis. 2d 112, ¶¶23–24. As that opinion explains, the decision in *McAdory I* "had nothing to say regarding any motions that either side might file after remittitur. We certainly did not direct that the circuit court was obligated to schedule a trial on the OWI count even if, as would come to pass, the State moved to dismiss that count." *Id.* at ¶24. The court of appeals therefore concluded that reinstating the RCS charge and guilty verdict on the State's motion did not violate the mandate in *McAdory I. See id.* We see no reason to disturb this conclusion given that the court of appeals is more than capable of interpreting its own mandates and is indeed better situated for that task

than we are. Accordingly, we agree with the court of appeals' determination that its mandate in *McAdory I* did not prohibit the circuit court from reinstating the RCS charge and guilty verdict and dismissing the OWI charge, and that the circuit court thus had competency to do so.

D

¶29 Finally, we are unpersuaded by McAdory's arguments that reinstating the RCS charge and guilty verdict violated his right to be free from double jeopardy. The Fifth Amendment provides that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V. The Wisconsin Constitution provides that "no person for the same offense may be put twice in jeopardy of punishment . . . ." WIS. CONST. art. I, § 8. Neither party develops any argument that the Wisconsin Constitution offers distinct double jeopardy protections from those guaranteed by the United States Constitution. As such, we analyze these claims together. *See State v. Kelty*, 2006 WI 101, ¶15, 294 Wis. 2d 62, 716 N.W.2d 886.

¶30 The United States Supreme Court has described the Double Jeopardy Clause as containing three distinct protections: (1) "against a second prosecution for the same offense after acquittal;" (2) "against a second prosecution for the same offense after conviction," and (3) "against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

¶31 Although McAdory's briefing is far from clear, we understand him to be focused solely on the latter two protections, the ones against second prosecutions for the same offense after conviction and against multiple punishments for the same offense. First, he appears to contend that he was prosecuted a second time for RCS after conviction because reinstating the previously dismissed charge and guilty verdict violated his expectation "that he would not be further prosecuted or punished for [that] offense." Second, he asserts that he was threatened with a second prosecution for the OWI offense after conviction when, after reinstating the RCS charge and guilty verdict, the circuit court raised the possibility of a second trial on the OWI charge. Although the State stated that it did not intend to retry McAdory on that charge, and the circuit court dismissed it as a result, McAdory nonetheless contends that this sequence of events violates the Double Jeopardy Clause. And third, he maintains that he received multiple punishments because "swap[ping]"

the RCS charge and guilty verdict for the OWI conviction may have prevented him from receiving sentence credit for the time he served.

¶32 The problem with McAdory's first argument is that he was not prosecuted twice for RCS. Instead, the circuit court reinstated the jury's guilty verdict on the RCS charge from his first and only prosecution for that charge stemming from the January 2016 traffic stop. As many other courts have concluded, "[t]he Double Jeopardy Clause does not bar reinstatement of a conviction on a charge for which a jury returned a guilty verdict."[8] It is therefore irrelevant that once the RCS charge and guilty verdict were dismissed, McAdory "expect[ed]" that he would never be punished for it.[9] Although the Double Jeopardy Clause certainly protects the defendants' interest in finality, it does so only through its specific prohibitions, like the one on successive prosecutions after conviction. *See Brown v. Ohio*, 432 U.S. 161, 165 (1977). Because reinstating the RCS charge and guilty verdict did not result in a second prosecution for RCS after conviction, it did not violate the Double Jeopardy Clause.

---

[8] *Rutledge v. United States*, 230 F.3d 1041, 1047 n.3 (7th Cir. 2000); *see also United States v. Wilson*, 420 U.S. 332, 344–45 (1975) (explaining that "[s]ince reversal on appeal" of a trial court decision dismissing an indictment after a guilty verdict "would merely reinstate the jury's verdict," it did not violate the Double Jeopardy Clause); *Maupin v. Commonwealth*, 542 S.W.3d 926, 931 (Ky. 2018) ("[T]he reinstatement of a guilty verdict by a jury, as opposed to the undertaking of a new trial, does not run afoul of the Double Jeopardy Clause.").

[9] McAdory also asserts at length that reinstating the RCS charge and guilty verdict was barred by the Double Jeopardy Clause because that charge and guilty verdict were dismissed with prejudice, and thus that the doctrine of claim preclusion would have prohibited the State from refiling it. We do not understand this argument as separate from McAdory's argument that he was prosecuted twice for RCS in violation of his right to be free from double jeopardy. In any event, however, claim preclusion does not apply to the reinstatement of the RCS charge and guilty verdict since that doctrine bars only subsequent actions attempting to relitigate claims that were or could have been litigated in a prior proceeding involving the same parties. *See Lindas v. Cady*, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994). Here, by contrast, the State never refiled the RCS charge against McAdory let alone tried to relitigate the jury's guilty verdict.

¶33 McAdory's second and third arguments also miss the mark. McAdory was not prosecuted or tried twice for the OWI offense after the RCS charge and guilty verdict were reinstated. Rather, the OWI charge was dismissed at the State's request, and he was never prosecuted or tried for it again. Moreover, even if a new trial had occurred, the Double Jeopardy Clause still would not have been violated since that second trial would have occurred as a result of the relief he sought in *McAdory I*. *See State v. Detco, Inc.*, 66 Wis. 2d 95, 104, 223 N.W.2d 859 (1974) ("Where a defendant asks for and receives a new trial, he cannot argue that the double jeopardy clause bars the second trial.").

¶34 As for multiplicity, McAdory's argument is underdeveloped at best and is contrary to the facts, which—as McAdory's counsel conceded at oral argument—demonstrate that he did in fact receive sentence credit for the time he served on the OWI conviction.[10] *See Sw. Airlines Co. v. DOR*, 2021 WI 54, ¶32 n.10, 397 Wis. 2d 431, 960 N.W.2d 384 ("[W]e generally do not address undeveloped arguments."). Accordingly, we need not address this argument further.

### III

¶35 In conclusion, we hold that the circuit court was permitted to reinstate the previously dismissed RCS charge and guilty verdict on remand after McAdory's companion conviction for OWI was overturned on appeal. The circuit court had implicit authority under § 346.63(1)(c) to do so, and the State did not forfeit its argument for reinstatement by failing to raise the issue in a cross-appeal or its briefing in *McAdory I*. Furthermore, reinstating the RCS charge and guilty verdict did not violate the court of appeals' mandate in *McAdory I* or McAdory's right to be free from double jeopardy. Accordingly, we affirm the court of appeals' decision.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[10] The judgment of conviction indicates that McAdory received 1085 days of sentence credit pursuant to WIS. STAT. § 973.155.

ANNETTE KINGSLAND ZIEGLER, J., with whom REBECCA GRASSL BRADLEY, J., joins, concurring in the judgment.

¶36 Like the majority, I would affirm the court of appeals. But I come to this conclusion for reasons quite different than those advanced by the majority. Unlike the majority, which employs a thoroughly purposivist analysis, I would address what WIS. STAT. § 346.63(1)(c) actually means and overrule this court's decision in *State v. Bohacheff*, 114 Wis. 2d 402, 338 N.W.2d 466 (1983), and the court of appeals' decision in *Town of Menasha v. Bastian*, 178 Wis. 2d 191, 503 N.W.2d 382 (Ct. App. 1993). Rather than providing a detailed critique of the majority opinion, I set forth the opinion I believe should have been written by this court. *See Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶72, 356 Wis. 2d 665, 849 N.W.2d 693 (Abrahamson, C.J., dissenting).

¶37 One point must be made regarding the majority, however. The majority argues that this court cannot, or at least should not, overrule this court's decision in *Bohacheff* because no party before this court asked us to overrule that decision. The majority's argument rings hollow.

¶38 First, the majority's supposed commitment to the party presentation principle goes only so far. The argument the majority ultimately embraces in this case—that WIS. STAT. § 346.63(1)(c) implicitly authorized the circuit court to reinstate the dismissed charge and guilty verdict—is not advanced by either party. Both McAdory and the State expressly reject such an argument.

¶39 Second, virtually every justice in the majority has voted to overrule a decision of this court even though no party asked the court to do so. *5 Walworth, LLC v. Engerman Contracting, Inc.*, 2023 WI 51, ¶¶30–31, 408 Wis. 2d 39, 992 N.W.2d 31 (per Hagedorn, J.) (joined by Ann Walsh Bradley, Dallet, and Karofsky, JJ.) (overruling *Wisconsin Pharmacal Co., LLC v. Nebraska Cultures of California, Inc.*, 2016 WI 14, 367 Wis. 2d 221, 876 N.W.2d 72); *Tavern League of Wis., Inc. v. Palm*, 2021 WI 33, ¶¶41, 68–72, 396 Wis. 2d 434, 957 N.W.2d 261 (Ann Walsh Bradley, J., dissenting) (joined by Dallet and Karofsky, JJ.) (advocating for this court to overrule *Wisconsin Legislature v. Palm*, 2020 WI 42, 391 Wis. 2d 497, 942 N.W.2d 900). In fact, one of the justices in the majority argued this very term that this court should have overruled at least four precedents of this court despite the fact no party requested this court to do so. *LeMieux v. Evers*, 2025 WI 12, ¶¶70–77, 415 Wis. 2d 422, 19 N.W.3d 76 (Hagedorn, J., dissenting) (advocating for this court to overrule, at least, *State ex rel.*

*Sundby v. Adamany*, 71 Wis. 2d 118, 237 N.W.2d 910 (1976), *State ex rel. Kleczka v. Conta*, 82 Wis. 2d 679, 264 N.W.2d 539 (1978), *State ex rel. Wisconsin Senate v. Thompson*, 144 Wis. 2d 429, 424 N.W.2d 385 (1988), and *Citizens Utility Board v. Klauser*, 194 Wis. 2d 484, 534 N.W.2d 608 (1995)).

¶40 *Bohacheff*'s "only virtue is that we decided it." *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 470 (2015) (Alito, J., dissenting). *Bohacheff* is an indefensible decision of this court, as evidenced by the majority's refusal to defend it and decision to dodge addressing it. This court should confront *Bohacheff* and overrule the decision.

¶41 The following is the opinion I believe should have been written by this court.

\* \* \*

¶42 *This is a review of a published decision of the court of appeals, State v. McAdory, 2024 WI App 29, 412 Wis. 2d 112, 8 N.W.3d 101 (McAdory II), that affirmed the circuit court's denial of Carl Lee McAdory's motion for postconviction relief.*

¶43 *Following a traffic stop on January 5, 2016, the State filed charges against McAdory for operating a vehicle while under the influence of a controlled substance as an eighth offense, WIS. STAT. § 346.63(1)(a) (2021–22)[1] (OWI), and operating a vehicle with a detectable amount of a restricted controlled substance in his blood as an eighth offense, § 364.63(1)(am) (RCS). After a jury trial, McAdory was found guilty of both counts. At the sentencing hearing, the State requested the RCS charge and guilty verdict be dismissed, and the circuit court dismissed that charge and guilty verdict.*

¶44 *In so doing, the State and circuit court were following this court's decision in State v. Bohacheff, 114 Wis. 2d 402, 338 N.W.2d 466 (1983), and the court of appeals' decision in Town of Menasha v. Bastian, 178 Wis. 2d 191, 503 N.W.2d 382 (Ct. App. 1993). Together, the two cases stand for the proposition that when a defendant is tried and found guilty for multiple offenses under WIS. STAT. § 346.63(1) that arise out of the same incident or occurrence, the circuit*

---

[1] *All subsequent references to the Wisconsin Statutes are to the 2021–22 version unless otherwise indicated.*

*court must dismiss all but one of the charges and guilty verdicts. That is, even though there may be multiple guilty verdicts, there may be only one conviction.*

*¶45     After the circuit court entered the judgment of conviction, McAdory appealed. Before the court of appeals, he successfully argued that his OWI conviction needed to be vacated because of a due process violation. State v. McAdory, 2021 WI App 89, ¶71, 400 Wis. 2d 215, 968 N.W.2d 770 (McAdory I). The State did not petition this court for review of that decision. Instead, it requested the circuit court to reinstate the previously dismissed RCS charge and guilty verdict. The circuit court did so. The circuit court later denied McAdory's motion for postconviction relief. McAdory appealed. And the court of appeals affirmed.*

*¶46     Before this court, McAdory makes the following arguments. The circuit court lacked authority to reinstate the RCS charge and guilty verdict. The State forfeited its ability to request the reinstatement of the RCS charge and guilty verdict during McAdory's initial appeal in McAdory I by failing to file a cross-appeal or raise the issue in its brief before the court of appeals in McAdory I. The circuit court lacked competency to reinstate the charge and guilty verdict. The circuit court's decision to reinstate the RCS charge and guilty verdict violated the court of appeals' mandate in McAdory I and McAdory's right to be free from double jeopardy.*

*¶47     We disagree. We find no error in the circuit court's decision to reinstate the RCS charge and guilty verdict. Under a proper reading of WIS. STAT. § 346.63(1)(c), if a defendant is tried and found guilty for multiple offenses under § 346.63(1) that arise out of the same incident or occurrence, the circuit court shall enter a judgment of conviction for each guilty verdict. WIS. STAT. §§ 346.63(1)(c), 972.13(1). As the statute provides, however, "there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [WIS. STAT. §§] 343.30(1q) and 343.305." § 346.63(1)(c). Bohacheff and Bastian are inconsistent with the statute's plain language, and today we overrule those decisions.*

*¶48     The State did not forfeit its ability to request the reinstatement of the RCS charge and guilty verdict by failing to file a cross-appeal or raise the issue in its brief before the court of appeals in McAdory I. The State was not required to cross-appeal the judgment dismissing the RCS charge and guilty verdict because it was the State itself that requested the circuit court to dismiss the charge and guilty verdict. See WIS. STAT. §§ 974.05(1)(a), (2), 809.10(2)(b). The State was also not required to raise the issue of reinstatement in its brief in McAdory I because reinstatement of the RCS charge and guilty verdict was not*

*an alternate basis by which the court of appeals could have sustained the judgment of conviction for the OWI charge. The court of appeals in McAdory II determined that the circuit court's reinstatement of the RCS charge and guilty verdict did not violate its mandate in McAdory I, and this court finds no reason in this case to disagree with the court of appeals' interpretation of its own mandate. Finally, the reinstatement of the RCS charge and guilty verdict did not violate the Double Jeopardy Clause. The circuit court did not subject McAdory to a second prosecution for the same offense after conviction. Instead, the circuit court reinstated a guilty verdict already rendered by a jury. The court of appeals is affirmed.*

## I.  BACKGROUND[2]

*¶49     As relevant to today's decision, McAdory was charged with operating a vehicle while under the influence of a controlled substance as an eighth offense, WIS. STAT. § 346.63(1)(a), and operating a vehicle with a detectable amount of a restricted controlled substance in his blood as an eighth offense, § 364.63(1)(am).[3] A jury trial was held on August 19, 2019.[4] The jury found McAdory guilty of both counts.*

*¶50     Following the trial and guilty verdicts, a sentencing hearing was held on October 25, 2019. At the hearing, the State moved to have the RCS charge and guilty verdict dismissed as "duplicative." There was no objection. The circuit court then dismissed the charge and guilty verdict: "Very well. Then on the State's motion the [c]ourt will, in fact, dismiss [the RCS charge and guilty verdict]. That was on my radar[] as well. But thank you for that." The court then sentenced McAdory and entered the judgment.*

---

*[2] For additional background, see State v. McAdory, 2021 WI App 89, 400 Wis. 2d 215, 968 N.W.2d 770 (McAdory I).*

*[3] McAdory was also charged with obstructing an officer, WIS. STAT. § 946.41(1), and operating a vehicle while his operating privileges had been revoked, WIS. STAT. § 343.44(1)(b). Ultimately, the jury found McAdory guilty of obstructing an officer, and McAdory pled guilty to operating a vehicle after the revocation of his operating privileges.*

*[4] The Honorable John M. Wood of Rock County presided over the initial trial and sentencing.*

¶51    McAdory appealed, challenging his OWI conviction. *McAdory I*, 400 Wis. 2d 215. McAdory made two arguments in his initial appeal. "First, he argue[d] that the evidence at trial was insufficient to sustain the conviction." *Id.*, ¶2. Second, McAdory claimed his due process rights had been violated because the State was effectively relieved of its burden to prove McAdory was under the influence of cocaine and marijuana while driving. *Id.* The court of appeals rejected his first argument, concluding there was sufficient evidence to convict McAdory of the offense. *Id.*, ¶¶21–37. But the court of appeals vacated the judgment of conviction for the OWI offense, holding that there was a reasonable likelihood that the State was effectively relieved of its burden to prove that McAdory was under the influence of cocaine and marijuana while driving.[5] *Id.*, ¶¶48–70. In light of the court's decision, it remanded the matter for a new trial on the OWI charge. *Id.*, ¶¶4 n.5, 71. The court's mandate line read, "By the Court.—Judgment reversed and cause remanded." See *id.*, ¶71. The State did not petition this court for review.

¶52    After the court of appeals' decision in *McAdory I*, the State did not seek to hold another trial for the OWI charge. Instead, the State filed a motion with the circuit court, requesting the court to reinstate the RCS charge and guilty verdict that had previously been dismissed. The circuit court granted the motion. The circuit court held a second sentencing hearing, where the court sentenced McAdory for the RCS charge. McAdory received sentence credit based on his OWI conviction, which the court of appeals vacated. The State then moved to have the OWI charge dismissed, and the court dismissed the charge. The circuit court entered the judgment.

¶53    Following the circuit court's decision to reinstate the RCS charge and guilty verdict and dismiss the OWI charge, McAdory filed a motion for postconviction relief. He argued that the circuit court lacked authority to reinstate the RCS charge and guilty verdict following his initial appeal in *McAdory I*. He also argued that doing so violated his right to be free from double jeopardy. The circuit court disagreed and denied McAdory's motion for postconviction relief. McAdory appealed that decision.

---

[5] In a footnote, the court of appeals observed that "the issues [it] address[ed] . . . would not have arisen if the State had instead elected to dismiss the [OWI] offense and asked the circuit court to proceed to sentencing on the [RCS] offense." *McAdory I*, 400 Wis. 2d 215, ¶1 n.2.

¶54    The court of appeals affirmed. McAdory II, 412 Wis. 2d 112, ¶5. First, the court determined that the circuit court had authority to reinstate the RCS charge and guilty verdict due to the implicit authority granted by WIS. STAT. § 346.63(1)(c). The court recognized that in light of this court's precedent in Bohacheff and the court of appeals' decision in Bastian, when a defendant is found guilty of multiple offenses under § 346.63(1), the court must dismiss all but one of the charges and guilty verdicts under § 346.63(1)(c). Id., ¶16. It would be unreasonable, the court of appeals reasoned, to read § 346.63(1)(c) as barring the circuit court from reinstating a guilty verdict after a judgment of conviction for a different offense is reversed on appeal. Id., ¶18. That is so because the legislature is presumed to be "aware of the postconviction and appellate relief potentially available to defendants in criminal cases, specifically in the form of potential reversal of individual counts of conviction." Id., ¶19.

¶55    Second, the court of appeals held that nothing in its prior decision in McAdory I precluded the circuit court from reinstating the RCS charge and guilty verdict. Id., ¶¶23–25. Third, the court of appeals determined that the State did not forfeit its ability to motion for the reinstatement of the RCS charge and guilty verdict by failing to cross-appeal or raise the issue in its brief in McAdory I. Id., ¶¶32–37. Finally, the court of appeals held that the reinstatement did not violate the Double Jeopardy Clause. Id., ¶¶38–46.

¶56    McAdory petitioned this court for review, which we granted on October 7, 2024.

## II.  STANDARD OF REVIEW

¶57    This case presents a question of statutory interpretation. "'Interpretation of a statute is a question of law that we review de novo[.]'" Saint John's Comtys., Inc. v. City of Milwaukee, 2022 WI 69, ¶14, 404 Wis. 2d 605, 982 N.W.2d 78 (quoting Est. of Miller v. Storey, 2017 WI 99, ¶25, 378 Wis. 2d 358, 903 N.W.2d 759). "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted) (quoting Seider v. O'Connell, 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659). "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or

*unreasonable results." Id., ¶46. Additionally, "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." Id.*

¶58 *This case also calls for the reconsideration of a precedent of this court, Bohacheff, 114 Wis. 2d 402, as well as a decision of the court of appeals, Bastian, 178 Wis. 2d 191. When determining whether to overturn a prior decision of this court, stare decisis—the principle that instructs this court to stand by its prior decisions—must weigh heavily as a consideration. See Johnson Controls, Inc. v. Emps. Ins. of Wausau, 2003 WI 108, ¶94, 264 Wis. 2d 60, 665 N.W.2d 257 (stating that "respect for prior decisions is fundamental to the rule of law"). "'[A]ny departure from the doctrine of stare decisis demands special justification.'" Schultz v. Natwick, 2002 WI 125, ¶37, 257 Wis. 2d 19, 653 N.W.2d 266 (quoting State v. Ferron, 219 Wis. 2d 481, 504, 579 N.W.2d 654 (1998)). In the past, this court has expressed that "stare decisis concerns are paramount where a court has authoritatively interpreted a statute." Progressive N. Ins. Co. v. Romanshek, 2005 WI 67, ¶45, 281 Wis. 2d 300, 697 N.W.2d 417 (citing Hilton v. S.C. Pub. Rys. Comm'n, 502 U.S. 197, 202 (1991)); State v. Reyes Fuerte, 2017 WI 104, ¶18, 378 Wis. 2d 504, 904 N.W.2d 773; State v. Friedlander, 2019 WI 22, ¶18, 385 Wis. 2d 633, 923 N.W.2d 849.*

¶59 *"While respecting court of appeals precedent is an important consideration, it is not determinative." State v. Lira, 2021 WI 81, ¶45, 399 Wis. 2d 419, 966 N.W.2d 605. "[W]e are not bound by court of appeals decisions. As the state's highest court, we interpret legal questions independently." State v. Yakich, 2022 WI 8, ¶31, 400 Wis. 2d 549, 970 N.W.2d 12 (citation omitted); BRYAN A. GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT 42–43 (2016). Accordingly, this court may overrule decisions of the court of appeals "without any special justification." Evers v. Marklein, 2024 WI 31, ¶25, 412 Wis. 2d 525, 8 N.W.3d 395 (citations omitted); Lira, 399 Wis. 2d 419, ¶45 ("This court has never applied the five factors commonly used in a decision to overturn supreme court caselaw to override an interpretation derived solely from the court of appeals." (citing Bartholomew v. Wis. Patients Comp. Fund & Compcare Health Servs. Ins. Corp., 2006 WI 91, ¶33, 293 Wis. 2d 38, 717 N.W.2d 216)).*

¶60 *McAdory argues that his right to be free from double jeopardy has been violated. "'The issue of whether a person's right to be free from double jeopardy has been violated presents a question of law that we review de novo.'" State v. Killian, 2023 WI 52, ¶19, 408 Wis. 2d 92, 991 N.W.2d 387 (quoting State v. Trawitzki, 2001 WI 77, ¶19, 244 Wis. 2d 523, 628 N.W.2d 801).*

### III. ANALYSIS

#### A. Wis. Stat. § 346.63(1)

¶61      *Before this court, McAdory argues the circuit court erred by reinstating the RCS charge and guilty verdict. According to McAdory, the circuit court lacked authority to do so. On the other side, the State argues that under the plain text of WIS. STAT. § 346.63(1)(c), the circuit court should not have dismissed the RCS charge and guilty verdict, and, accordingly, there was no error in reinstating the RCS charge and guilty verdict. We agree with the State that the circuit court did not err when it reinstated the RCS charge and guilty verdict.*

¶62      *WISCONSIN STAT. § 346.63(1) sets forth three offenses. First, under § 346.63(1)(a), no person may drive or operate a motor vehicle while*

*[u]nder the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, a controlled substance and a controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving[.[6]]*

*This is an "OWI" offense. Second, under § 346.63(1)(am), no person may drive or operate a motor vehicle while "[t]he person has a detectable amount of a restricted controlled substance in his or her blood."[7] This is an "RCS" offense.*

---

[6] *See City of Waukesha v. Godfrey, 41 Wis. 2d 401, 406, 164 N.W.2d 314 (1969) (stating that the listed substances do not need to be the sole influences that render a defendant incapable of safely driving).*

[7] *WISCONSIN STAT. § 340.01(50m) defines "restricted controlled substance."*

*"Restricted controlled substance" means any of the following:*

*(a) A controlled substance included in schedule I under [chapter] 961 other than a tetrahydrocannabinol.*

*(am) The heroin metabolite 6-monoacetylmorphine.*

*Third, under § 346.63(1)(b), no person may drive or operate a motor vehicle while "[t]he person has a prohibited alcohol concentration" as defined by* WIS. STAT. *§ 340.01(46m). This is a "PAC" offense.*

¶63     *This case hinges on language found in* WIS. STAT. *§ 346.63(1)(c). Section 346.63(1)(c) provides that a person may be charged with an OWI offense under § 346.63(1)(a), an RCS offense under § 346.63(1)(am), and a PAC offense under § 346.63(1)(b), or "any combination" of those offenses, "for acts arising out of the same incident or occurrence." It then provides that "[i]f the person is charged with violating any combination" of these offenses, "the offenses shall be joined." § 346.63(1)(c). "If the person is found guilty of any combination of" these offenses "for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [*WIS. STAT. *§§] 343.30(1q) and 343.305." Sections 343.30(1q)(b)1.–4m. and 343.305(10)(b)1.–4m. relate to the revocation of one's privilege to operate a vehicle based upon, at least in part, the number of prior convictions under § 346.63(1). Section 346.63(1)(c) also provides that an OWI offense, an RCS offense, and a PAC offense "each require proof of a fact for conviction which the others do not require."*

¶64     *A straightforward reading of* WIS. STAT. *§ 346.63(1) allows the state to charge a defendant with an OWI offense under § 346.63(1)(a), an RCS offense under § 346.63(1)(am), and a PAC offense under § 346.63(1)(b), or "any combination" of those offenses, "for acts arising out of the same incident or occurrence." § 346.63(1)(c). If the defendant is found guilty by a jury on more than one of the charges, the circuit court enters a judgment of conviction on each charge. However, "there shall be a single conviction for purposes of sentencing*

---

*(b) A controlled substance analog, as defined in [*WIS. STAT. *§] 961.01(4m), of a controlled substance described in par. (a).*

*(c) Cocaine or any of its metabolites.*

*(d) Methamphetamine.*

*(e) Delta-9-tetrahydrocannabinol, excluding its precursors or metabolites, at a concentration of one or more nanograms per milliliter of a person's blood.*

*§ 340.01(50m).*

*and for purposes of counting convictions under [WIS. STAT. §§] 343.30(1q) and 343.305." § 346.63(1)(c). Nothing in the statute states or implies that the circuit court must dismiss all but one of the charges and guilty verdicts.*

¶65 *This interpretation is reinforced by other statutes. As a background rule, WIS. STAT. § 972.13(1) provides that when a jury finds a defendant guilty of an offense, "[a] judgment of conviction shall be entered." As a general rule, therefore, when a jury finds a defendant guilty of an offense, a judgment of conviction must be entered by the circuit court. WISCONSIN STAT. § 346.63(1)(c) does not contradict § 972.13(1). Instead, § 346.63(1)(c) directs the circuit court to enter a judgment of conviction for each charge the defendant was found guilty, even though "there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [WIS. STAT. §§] 343.30(1q) and 343.305." § 346.63(1)(c).*

¶66 *Further, the legislature has enacted a statute governing when charges under WIS. STAT. § 346.63(1) may be dismissed, WIS. STAT. § 967.055. Section 967.055(1)(a) first establishes the legislature's purpose for enacting the statute:*

> *The legislature intends to encourage the vigorous prosecution of offenses concerning the operation of motor vehicles by persons under the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, controlled substance and controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving or having a prohibited alcohol concentration, as defined in [WIS. STAT. §] 340.01(46m), offenses concerning the operation of motor vehicles by persons with a detectable amount of a restricted controlled substance in his or her blood, and offenses concerning the operation of commercial motor vehicles by persons with an alcohol concentration of 0.04 or more.*

*Second, § 967.055(2), in furtherance of the statute's legislatively enacted purpose, places limits on the ability of the state to seek the dismissal of a charge under WIS. STAT. § 346.63(1). To dismiss such a charge, the state is required to "apply" to the circuit court. § 967.055(2)(a). "The application shall state the reasons for the proposed . . . dismissal." § 967.055(2)(a). The circuit "may approve the application," but "only if the court" makes a specific finding: "the*

10

*proposed . . . dismissal is consistent with the public's interest in deterring" violations of § 346.63(1). § 967.055(2)(a).*

¶67     The reading of WIS. STAT. § 346.63(1) described in the above paragraphs, which is derived from the ordinary meaning of the statute's text and reinforced by various related statutes, has not been how this court or the court of appeals has interpreted the statute over the years. This court and the court of appeals has interpreted the statute—and specifically the language in § 346.63(1)(c)—as allowing for only one conviction, where all but one charge and guilty verdict must be dismissed if the jury finds the defendant guilty of multiple offenses. State v. Foster, 2014 WI 131, ¶14 n.3, 360 Wis. 2d 12, 856 N.W.2d 847; State v. Raddeman, 2000 WI App 190, ¶¶4–8, 238 Wis. 2d 628, 618 N.W.2d 258.

¶68     This court first interpreted this language in the context of a similar statute, WIS. STAT. § 940.25, in Bohacheff, 114 Wis. 2d 402. At the time Bohacheff was decided, § 940.25 provided, in pertinent part:

(1) Any person who does either of the following under par. (a) or (b) is guilty of a Class E felony:

(a) Causes great bodily harm to another human being by the operation of a vehicle while under the influence of an intoxicant or a controlled substance or a combination of an intoxicant and a controlled substance.

(b) Causes great bodily harm to another human being by the operation of a vehicle while the person has a blood alcohol concentration of 0.1 [percent] or more by weight of alcohol in that person's blood or 0.1 grams or more of alcohol in 210 liters of that person's breath.

(c) A person may be charged with and a prosecutor may proceed upon an information based upon a violation of par. (a) or (b) or both for acts arising out of the same incident or occurrence. If the person is charged with violating both pars. (a) and (b) in the information, the crimes shall be joined under [WIS. STAT. §] 971.12. If the person is found guilty of both pars. (a) and (b) for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [WIS. STAT. §§] 343.30(lq) and 343.305. Paragraphs (a) and (b) each require proof of a fact for conviction which the other does not require.

*§ 940.25(1) (1981–82).*

¶69 *The defendant in Bohacheff was charged with two counts of causing great bodily harm to another human being by operating a vehicle after the defendant struck and injured a police officer with his vehicle. Bohacheff, 114 Wis. 2d at 405. The defendant was charged under WIS. STAT. § 940.25(1)(a) (1981–82) for causing great bodily harm while under the influence of an intoxicant and under § 940.25(1)(b) (1981–82) for causing great bodily harm while having a prohibited blood alcohol concentration. Id. The defendant sought to have the charges dismissed. Id. at 404–05. He argued that being charged with both offenses violated the state and federal constitutional provisions protecting defendants against double jeopardy, and the circuit court dismissed the complaint with prejudice. Id.*

¶70 *This court accepted the case on bypass[8] from the court of appeals. Id. at 404. Before this court, Bohacheff argued that charging him with the two counts was unconstitutional as it would subject him to multiple punishments for a single offense. Id. at 408. Specifically, he argued that WIS. STAT. § 940.25(1)(a) and (1)(b) (1981–82) were the same offense for purposes of double jeopardy. Id. at 408 n.6. While Bohacheff apparently conceded that the statute allowed for only one sentence, he contended that there would still be two convictions if he was found guilty of both counts. Id. at 408. The "multiple punishments" he alleged were the "collateral legal consequences" of having two convictions instead of one. Id. at 408–09.*

¶71 *This court, however, did not determine whether charging the defendant under WIS. STAT. § 940.25(1)(a) and (1)(b) (1981–82) violated double jeopardy. Id. at 409. The court instead interpreted the statute "as providing for only one conviction," avoiding the constitutional question altogether. Id. The court acknowledged that there were statutory indicators that a trial could result in one sentence and multiple convictions. Id. at 410. For example, the statute provided that § 940.25(1)(a) and (1)(b) "each require proof of a fact for conviction which the other does not require." § 940.25(1)(c) (1981–82); Bohacheff, 114 Wis. 2d at 410–11. The court observed that "[t]his language is obviously taken from Blockburger v. United States, 284 U.S. 299 (1932), which sets forth the 'additional fact' or 'additional element' test used to determine whether two statutory provisions constitute the same offense for imposition of multiple punishments." Bohacheff, 114 Wis. 2d at 411 (footnote omitted). "When the*

---

[8] *See generally* WIS. STAT. § (Rule) 809.60.

*legislature creates separate, distinct offenses it usually provides for multiple convictions." Id. at 411—12.*

*¶72     But such indicators of textual meaning did not convince the court that the statute provided for multiple convictions. The court held that WIS. STAT. § 940.25 (1981–82) provided for one conviction only, even if the defendant was found guilty of both charges. "[O]ther indicia of legislative intent," the court explained, made "it evident that it authorized only one conviction for all purposes . . . ." Id. at 412. The court turned to § 940.25(1)(c), which provided that "[i]f the person is found guilty of both pars. (a) and (b) for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [§§] 343.30(lq) and 343.305." After reviewing § 940.25(1)(c), the court determined "[i]t does not make sense to read the limiting language in [§] 940.25(1)(c) to mean that there would be one conviction for the most obvious and serious consequences of a conviction, such as sentencing, and two convictions for collateral consequences, such as impeaching a witness." Bohacheff, 114 Wis. 2d at 413.*

*¶73     The Bohacheff court also grounded its interpretation in what it saw as the statute's purpose. As the court saw it, WIS. STAT. § 940.25 (1981–82) was "intended to make it easier for the state to convict a defendant for drinking and driving by broadening the bases for liability." Id. at 414. By "allowing the prosecutor to proceed upon a violation of both paragraphs (a) or (b) for acts arising out of the same incident and in providing for two verdicts," the law ensured "that the prosecutor would not be forced to elect the charge or the mode of proof before trial and risk a variance between the evidence and the charge." Id. at 416 (citing Remington & Joseph, Charging, Convicting and Sentencing the Multiple Offender, 1961 WIS. L. REV. 528, 545). In addition to what the court saw as the statute's purpose, the "appropriateness of multiple punishments" was considered. Id. at 416. After relaying a number of factors, the court determined it would be inappropriate if multiple punishments resulted under the statute. Id. at 416. And finally, the court applied the rule of lenity to § 940.25 (1981–82). Id. at 417.*

*¶74     The court of appeals operationalized the holding of Bohacheff in Bastian. Following the holding and reasoning of Bohacheff, the court of appeals in Bastian explained that when a defendant is charged with multiple offenses arising out of the same incident or occurrence under WIS. STAT. § 346.63(1) (1991–92) and is found guilty of more than one of those charges, all but one of the charges and guilty verdicts must be dismissed. 178 Wis. 2d at 195; see also McAdory II, 412 Wis. 2d 112, ¶16 (describing Bastian's dismiss-extra-counts rule). It appears that the circuit courts have followed Bastian over the years. See Foster, 360*

13

*Wis. 2d 12, ¶14 n.3 (circuit court dismissing charge and guilty verdict); State v. Busch, 217 Wis. 2d 429, 439–40, 576 N.W.2d 904 (1998) (same).*

*¶75    In this case, when the State requested the circuit court to dismiss the RCS charge and guilty verdict at McAdory's initial sentencing hearing, it was following Bohacheff and Bastian. After the State raised the issue, the circuit court said, "That was on my radar[] as well." That is, had the State not requested the circuit court to dismiss the charge, the circuit court, following the precedents of Bohacheff and Bastian, would have dismissed the charge and guilty verdict sua sponte.*

*¶76    As this case demonstrates, Bohacheff and Bastian must be overruled.[9] "Stare decisis is fundamental to the rule of law." Hinrichs v. DOW Chem. Co., 2020 WI 2, ¶66, 389 Wis. 2d 669, 937 N.W.2d 37 (citing Johnson Controls, 264 Wis. 2d 60, ¶94). Application of the principle "is the 'preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'" Kimble v. Marvel Ent., LLC, 576 U.S. 446, 455 (2015) (quoting Payne v. Tennessee, 501 U.S. 808, 827–28 (1991)). But the principle is not—and has never been— unyielding. See Johnson Controls, 264 Wis. 2d 60, ¶100; Bartholomew, 293 Wis. 2d 38, ¶31 (stating "'stare decisis is not a mechanical formula for adherence to the latest decision'"). Stare decisis is a "'principle of policy.'" Payne, 501 U.S. at 828 (quoting Helvering v. Hallock, 309 U.S. 106, 119 (1940)); State v. Denny, 2017 WI 17, ¶71, 373 Wis. 2d 390, 891 N.W.2d 144. It is not "a straightjacket" nor "an inexorable command." Johnson Controls, 264 Wis. 2d 60, ¶¶97, 100; Denny, 373 Wis. 2d 390, ¶71. "The principle of stare decisis does not compel us to adhere to erroneous precedents or refuse to correct our own mistakes." State v. Outagamie Cnty. Bd. of Adjustment, 2001 WI 78, ¶31, 244 Wis. 2d 613, 628 N.W.2d 376. Sometimes this court does "more damage to the rule of law by obstinately refusing to admit errors . . . than by overturning an erroneous decision." Johnson Controls, 264 Wis. 2d 60, ¶100.*

---

*[9] Before this court, the State requested we overrule Town of Menasha v. Bastian, 178 Wis. 2d 191, 503 N.W.2d 382 (Ct. App. 1993), arguing that its dismiss-extra-counts rule is inconsistent with WIS. STAT. § 346.63(1)(c)'s text. But Bastian's dismiss-extra-counts rule is merely an extension of this court's decision in State v. Bohacheff, 114 Wis. 2d 402, 338 N.W.2d 466 (1983). Consequently, a proper disposition of this case requires the overruling of Bohacheff as well.*

¶77      Still, our precedents may not be "abandoned lightly." *Outagamie Cnty. Bd. of Adjustment*, 244 Wis. 2d 613, ¶29 (citing *State v. Stevens*, 181 Wis. 2d 410, 441, 511 N.W.2d 591 (1994) (Abrahamson, J., concurring)). We require a "'special justification'" to overturn the precedents of this court. *Johnson Controls*, 264 Wis. 2d 60, ¶94 (quoting *Schultz*, 257 Wis. 2d 19, ¶37). In our prior cases, we have identified and applied five special justifications:

> (1) changes or developments in the law that undermine the rationale behind a decision; (2) the need to make a decision correspond to newly ascertained facts; (3) a showing that a decision has become detrimental to coherence and consistency in the law; (4) a showing that a decision is unsound in principle; and (5) a showing  that a decision is unworkable in practice.

*State v. Young*, 2006 WI 98, ¶51 n.16, 294 Wis. 2d 1, 717 N.W.2d 729. "Any one of these special justifications is sufficient to justify overruling precedent." *State v. Johnson*, 2023 WI 39, ¶20, 407 Wis. 2d 195, 990 N.W.2d 174 (citing *State v. Roberson*, 2019 WI 102, ¶50, 389 Wis. 2d 190, 935 N.W.2d 813). Decisions by the court of appeals, on the other hand, may be overruled without any special justification. *Lira*, 399 Wis. 2d 419, ¶45.

¶78      *Bohacheff's* statutory analysis is unsound in principle. *Bohacheff* is accordingly overruled. *Bastian's* dismiss-extra-counts rule is premised on *Bohacheff's* faulty analysis and cannot be squared with the text of WIS. STAT. § 346.63(1)(c). Consequently, *Bastian* must be overruled as well.

¶79      As detailed previously, a fair reading of WIS. STAT. § 346.63(1) allows the state to charge a defendant with an OWI offense under § 346.63(1)(a), an RCS offense under § 346.63(1)(am), and a PAC offense under § 346.63(1)(b), or "any combination" of those offenses, "for acts arising out of the same incident or occurrence." § 346.63(1)(c). Now, if the defendant is found guilty of more than one of the charges, the court enters judgment of conviction on each guilty verdict, as it is instructed to do by WIS. STAT. § 972.13(1). There is to be a single conviction for two specific, enumerated purposes: sentencing and counting convictions under WIS. STAT. §§ 343.30(1q) and 343.305. This follows directly from the plain text of § 346.63(1)(c). "If the person is found guilty of any combination of [paragraphs] (a), (am), or (b) for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [§§] 343.30(1q) and 343.305." § 346.63(1)(c).

¶80     *Bohacheff's holding that there shall be a single conviction "for all purposes," 114 Wis. 2d at 412, is at war with* WIS. STAT. *§ 346.63(1)(c)'s clear text. Section 346.63(1)(c) enumerates two purposes for which there will be a single conviction, sentencing and counting convictions under* WIS. STAT. *§§ 343.30(1q) and 343.305. The legislature, therefore, expressly identified the circumstances when there shall be only one conviction. This means that in other circumstances there shall be more than one conviction. This is a classic application of the canon of statutory interpretation expressio unius est exclusio alterius, "'[t]he expression of one thing implies the exclusion of others.'" State v. Dorsey, 2018 WI 10, ¶29, 379 Wis. 2d 386, 906 N.W.2d 158 (quoting* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS *107 (2012)).*

¶81     *In addition to ignoring the canon of expressio unius, Bohacheff's holding renders the language specifying the purposes for which there will be only one conviction completely superfluous. If there may be only one conviction following multiple guilty verdicts, the words "for purposes of sentencing and for purposes of counting convictions under [*WIS. STAT. *§§] 343.30(1q) and 343.305" have no independent effect. When interpreting a statute, this court "strive[s] to 'avoid surplusage.'" Lira, 399 Wis. 2d 419, ¶38 (quoting Kalal, 271 Wis. 2d 633, ¶46);* WILLIAM N. ESKRIDGE JR., INTERPRETING LAW *112 (2016) (stating "it is a 'cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant' or meaningless" (quoting Kungys v. United States, 485 U.S. 759, 778 (1988) (plurality opinion))). "We are to assume that the legislature used all the words in a statute for a reason."[10] State v. Matasek, 2014 WI 27, ¶18, 353 Wis. 2d 601, 846 N.W.2d 811. Bohacheff contravened these principles of statutory interpretation when it adopted its strained reading of* WIS. STAT. *§ 940.25(1) (1981–82).*

¶82     *Other pieces of statutory context further evidence that Bohacheff's reading of the statutory language is untenable. The last sentence of* WIS. STAT. *§ 346.63(1)(c) provides that an OWI offense, an RCS offense, and a PAC offense*

---

[10] *As the United States Supreme Court recently explained, "the surplusage canon is primarily a tool of linguistic interpretation, reflecting an assumption applicable to 'all sensible writing: Whenever a reading arbitrarily ignores linguistic components or inadequately accounts for them, the reading may be presumed improbable.'" Feliciano v. Dep't of Transp., 605 U.S. __, 145 S. Ct. 1284, 1294 (2025) (quoting* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS *174 (2012)).*

*"each require proof of a fact for conviction which the others do not require." As the court in Bohacheff noted, this language derives from the United States Supreme Court's decision in Blockburger 284 U.S. 299, "which sets forth the 'additional fact' or 'additional element' test used to determine whether two statutory provisions constitute the 'same offense' for imposition of multiple punishments."114 Wis. 2d at 411. But the court in Bohacheff failed to fully appreciate the implications of this sentence. It shows the legislature contemplated that there would be multiple convictions if a trial concluded with multiple guilty verdicts. The sentence is otherwise entirely inexplicable. Under Bohacheff's reading of the statute, the sentence appears to serve no purpose, contrary our traditional rules of statutory interpretation.*

*¶83    The reading adopted by the court in Bohacheff also sits in significant tension with WIS. STAT. § 972.13(1). That statute provides that when a jury finds a defendant guilty of an offense, "[a] judgment of conviction shall be entered." Nothing in WIS. STAT. § 346.63(1)(c)'s text displaces this default rule. And the Bohacheff court erred when it needlessly made the two provisions contradictory. See SCALIA & GARNER, supra, at 180 ("The provisions of a text should be interpreted in a way that renders them compatible, not contradictory.").*

*¶84    In defending its interpretation of the statutory text, the Bohacheff court erroneously invoked the rule of lenity. 114 Wis. 2d at 417. "The rule of lenity provides that when doubt exists as to the meaning of a criminal statute, 'a court should apply the rule of lenity and interpret the statute in favor of the accused.'" State v. Guarnero, 2015 WI 72, ¶26, 363 Wis. 2d 857, 867 N.W.2d 400 (quoting State v. Cole, 2003 WI 59, ¶13, 262 Wis. 2d 167, 663 N.W.2d 700); SCALIA & GARNER, supra, at 296 ("Ambiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor."). The rule of lenity, however, "rarely comes into play." Shular v. United States, 589 U.S. 154, 167 (2020) (Kavanaugh, J., concurring); State v. Kizer, 2022 WI 58, ¶43, 403 Wis. 2d 142, 976 N.W.2d 356 (Rebecca Grassl Bradley, J., concurring) (observing the same).[11] It "comes into operation at the end of the process of construing what [the legislature] has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." Callanan v. United States, 364 U.S. 587, 596 (1961); State v. Pal, 2017 WI 44, ¶28, 374 Wis. 2d 759,*

---

[11] *See also Wooden v. United States, 595 U.S. 360, 377–78 (2022) (Kavanaugh, J., concurring); Dan M. Kahan, Lenity and Federal Common Law Crimes, 1994 SUP. CT. REV. 345, 385–86.*

*893 N.W.2d 848. Accordingly, the rule of lenity "'applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute.'" Shular, 589 U.S. at 165 (quoting United States v. Shabani, 513 U.S. 10, 17 (1994)); Muscarello v. United States, 524 U.S. 125, 138 (1998); Lockhart v. United States, 577 U.S. 347, 361 (2016); Pulsifer v. United States, 601 U.S. 124, 152–53 (2024). "Lenity thus serves only as an aid for resolving an ambiguity; it is not to be used to beget one." Albernaz v. United States, 450 U.S. 333, 342 (1981). The Bohacheff court's invocation of the rule of lenity was improper because the statutory language it interpreted is unambiguous, rendering the rule of lenity "inapplicable." State v. Rabe, 96 Wis. 2d 48, 70, 291 N.W.2d 809 (1980) (first citing United States v. Batchelder, 442 U.S. 114, 119– 21 (1979); and then citing Austin v. State, 86 Wis. 2d 213, 223, 271 N.W.2d 668 (1978)); State v. Setagord, 211 Wis. 2d 397, 414–15, 565 N.W.2d 506 (1997) (stating the rule of lenity "only comes into play" if the statute at issue is ambiguous).*

*¶85     In deciding to overrule Bohacheff, we recognize that it is a decision of this court that previously and authoritatively interpreted the statutory language at issue in this case. Traditionally, this court has been more reluctant to overrule a prior decision of this court that authoritatively interpreted the words of a statute. Progressive N. Ins. Co., 281 Wis. 2d 300, ¶45; Reyes Fuerte, 378 Wis. 2d 504, ¶18; Friedlander, 385 Wis. 2d 633, ¶18. Stare decisis "concerns are paramount" in such cases because the legislature can, at any time, correct this court's misinterpretation through new legislation. Progressive N. Ins. Co., 281 Wis. 2d 300, ¶45 (citing Hilton, 502 U.S. at 202); Patterson v. McLean Credit Union, 491 U.S. 164, 172–73 (1989) ("Considerations of stare decisis have special force in the area of statutory interpretation, for here, unlike in the context of constitutional interpretation, the legislative power is implicated, and Congress remains free to alter what we have done." (citations omitted)). But prior decisions of this court—even decisions that authoritatively interpreted a statutory text— are not immune from critical reassessment. See Patterson, 491 U.S. at 172 (stating "[o]ur precedents are not sacrosanct"). We are not required to endlessly adhere to an interpretation of a statute that is undeniably mistaken and "objectively wrong." Wenke v. Gehl Co., 2004 WI 103, ¶21, 274 Wis. 2d 220, 682 N.W.2d 405 (citing State v. Douangmala, 2002 WI 62, ¶42, 253 Wis. 2d 173, 646 N.W.2d 1); Manitowoc County v. Samuel J.H., 2013 WI 68, ¶5 n.2, 349 Wis. 2d 202, 833 N.W.2d 109; State v. Braunschweig, 2018 WI 113, ¶11, 384 Wis. 2d 742, 921 N.W.2d 199; State v. Breitzman, 2017 WI 100, ¶5 n.4, 378 Wis. 2d 431, 904 N.W.2d 93; Michels v. Lyons, 2019 WI 57, ¶33 n.15, 387 Wis. 2d 1, 927 N.W.2d 486. The forgoing analysis demonstrates Bohacheff is such a decision. It is, therefore, overruled.*

¶86     *Bastian's dismiss-extra-counts rule adds words to the statute not found in its text. Nowhere in* WIS. STAT. *§ 346.63(1) does the statute indicate that a circuit court must dismiss all but one guilty verdict if a jury finds a defendant guilty of more than one count. "'One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning.'" State v. Fitzgerald, 2019 WI 69, ¶30, 387 Wis. 2d 384, 929 N.W.2d 165 (quoting Fond Du Lac County. v. Town of Rosendale, 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989)); Wis. Ass'n of State Prosecutors v. WERC, 2018 WI 17, ¶45, 380 Wis. 2d 1, 907 N.W.2d 425 ("'Nothing is to be added to what the text states or reasonably implies.'" (quoting* SCALIA & GARNER, *supra, at 93)). Additionally, Bastian's mandatory dismiss-extra-counts rule sits uneasily with* WIS. STAT. *§ 967.055, which prescribes the procedure for dismissing charges brought under* WIS. STAT. *§ 346.63(1). To dismiss a charge, the state must file an application with the circuit court that states the reasons for the proposed dismissal. § 967.055(2)(a). It is after the application is filed that a circuit court may dismiss the charge, but "only if the court finds that the proposed . . . dismissal is consistent with the public's interest in deterring" violations of § 346.63(1). § 967.055(2)(a). Accordingly, Bastian is overruled.*

¶87     *Under a proper reading of* WIS. STAT. *§ 346.63(1)(c), if a defendant is found guilty of multiple offenses under § 346.63(1) for acts arising out of the same incident or occurrence, then the circuit court is to enter a judgment of conviction on each guilty verdict. This is what is set forth by* WIS. STAT. *§§ 346.63(1)(c) and 972.13(1) (providing "[a] judgment of conviction shall be entered upon a verdict of guilty by the jury"). Additionally, as § 346.63(1)(c) instructs, if a defendant is found guilty for multiple offenses under § 346.63(1) for acts arising out of the same incident or occurrence, "there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [*WIS. STAT. *§§] 343.30(1q) and 343.305."*

¶88     *In this case, the State charged McAdory with operating a motor vehicle while he was under the influence of a controlled substance under* WIS. STAT. *§ 346.63(1)(a) and operating a motor vehicle while he had a detectable amount of a restricted controlled substance in his blood under § 346.63(1)(am). The jury found McAdory guilty of both counts. Under a proper understanding of* WIS. STAT. *§§ 346.63(1)(c) and 972.13(1), the circuit court should have entered a judgment of conviction for both guilty verdicts. But that did not happen. Additionally, the State did not, as* WIS. STAT. *§ 967.055(2)(a) requires, file a written application with the circuit court to dismiss the RCS charge and guilty verdict. Nor did the circuit court make a "find[ing] that the proposed . . . dismissal is consistent with the public's interest in deterring" violations of § 346.63(1). § 967.055(2)(a).*

¶89     Because of *Bohacheff* and *Bastian*, the State requested the circuit court to dismiss the RCS charge and guilty verdict, and the circuit court did so. That is, the dismissal was not due to any defect in the charge or guilty verdict, but simply due to the misinterpretation of WIS. STAT. § 346.63(1)(c)'s text in *Bohacheff* and *Bastian*, which today we overrule. Under these circumstances, we find no error in the circuit court's decision to reinstate the RCS charge and guilty verdict after McAdory's initial appeal in *McAdory I*.

### B.  FORFEITURE, COMPETENCY, & MCADORY I

¶90     McAdory makes a number of additional arguments for why it was improper for the circuit court to reinstate the RCS charge and guilty verdict. It is asserted that the State forfeited its ability to move the circuit court to reinstate the RCS charge and guilty verdict because the State failed to file a cross-appeal on the issue or raise reinstatement in its brief during McAdory's initial appeal in *McAdory I*. Both of these arguments miss the mark.

¶91     The State's right to appeal and cross-appeal is "purely statutory." *State v. Newman*, 162 Wis. 2d 41, 46, 469 N.W.2d 394 (1991). Under WIS. STAT. § 974.05(2), "[i]f the defendant appeals or prosecutes a writ of error, the state may move to review rulings of which it complains, as provided by [WIS. STAT. §] 809.10(2)(b)." Section 809.10(2)(b) provides that "[a] respondent who seeks a modification of the judgment or order appealed from or of another judgment or order entered in the same action or proceeding shall file a notice of cross-appeal within the period established by law for the filing of a notice of appeal, or 30 days after the filing of a notice of appeal, whichever is later." Importantly, § 809.10(2)(b) also provides that "[a] cross-appellant has the same rights and obligations as an appellant under this chapter." As we explained in *Newman*, this language means "that a cross-appellant, who has the rights of an appellant by virtue of [§] 809.10(2)(b), may cross-appeal only those judgments or orders that could be appealed under the law."[12] 162 Wis. 2d at 48. We now turn to § 974.05(1), which "governs the state's right to appeal." *Id.* "[T]he legislature authorized the state to cross-appeal only the[] judgments and orders described in

---

[12] This "scheme makes good sense, since no readily apparent distinction exists between direct appeals and cross-appeals that would give cross-appellants broader rights to appeal judgments and orders than appellants have." *State v. Newman*, 162 Wis. 2d 41, 48, 469 N.W.2d 394 (1991).

*[§] 974.05(1)." Id. at 49. As relevant to this decision, § 974.05(1)(a) provides that the state may appeal a "[f]inal order or judgment adverse to the state[.]"*[13]

¶92    *With the statutory scheme governing the State's ability to appeal and cross-appeal in mind, it is clear that the State was not required to cross-appeal the dismissal of the RCS charge and guilty verdict in McAdory I in order to preserve its ability to motion the circuit court to reinstate the RCS charge and guilty verdict. The State was the party that requested the circuit court to dismiss the RCS charge and guilty verdict in light of Bohacheff and Bastian. The judgment dismissing the RCS charge and guilty verdict, therefore, was not "adverse to the state." WIS. STAT. § 974.05(1)(a). The State could not have appealed the judgment dismissing the RCS charge and guilty verdict, so it could not have cross-appealed the issue in McAdory I either. See WIS. STAT. §§ 974.05(2), 809.10(2)(b); Newman, 162 Wis. 2d at 48–49.*

¶93    *If the State did not need to file a cross-appeal, McAdory insists that the State needed to at least raise reinstating the RCS charge and guilty*

---

[13] *WISCONSIN STAT. § 974.05(1) provides in full:*

*(1) Within the time period specified by [§] 808.04(4) and in the manner provided for civil appeals under [chapters] 808 and 809, an appeal may be taken by the state from any:*

*(a) Final order or judgment adverse to the state, whether following a trial or a plea of guilty or no contest, if the appeal would not be prohibited by constitutional protections against double jeopardy.*

*(b) Order granting postconviction relief under [§§] 974.02, 974.06, or 974.07.*

*(c) Judgment and sentence or order of probation not authorized by law.*

*(d) Order or judgment the substantive effect of which results in:*

*1. Quashing an arrest warrant;*

*2. Suppressing evidence; or*

*3. Suppressing a confession or admission.*

*verdict in its brief in McAdory I. We are told the State should have raised the argument "as a means to sustain the judgment of conviction." We cannot agree with this argument. The State did not need to raise the reinstatement of the RCS charge and guilty verdict in its brief in McAdory I.*

*¶94 In his initial appeal in McAdory I, McAdory sought to have the judgment of conviction for the OWI charge vacated. It is unclear how the then-dismissed RCS charge and guilty verdict would have been relevant in McAdory I. See McAdory II, 412 Wis. 2d 112, ¶37. The reinstatement of the RCS charge and guilty verdict is simply not a means by which the court of appeals could have sustained the judgment of conviction for the OWI charge. They are different offenses, and a guilty verdict for one cannot support or sustain the conviction of the other. The State was not required to present a meritless argument to the court of appeals in order to preserve its ability to request the circuit court to reinstate the RCS charge and guilty verdict.*

*¶95 Next, McAdory suggests that the circuit court lacked competency[14] to reinstate the RCS charge and guilty verdict because such action conflicted with the court of appeals' mandate in McAdory I. The court of appeals, it is argued, mandated a second trial on the OWI charge, which never took place. See McAdory I, 400 Wis. 2d 215, ¶71 ("For all of these reasons, we conclude that there was sufficient evidence to support the conviction for a violation of WIS. STAT. § 346.63(1)(a) but we reverse the judgment of conviction for a violation of*

---

[14] *Article VII, Section 8 of the Wisconsin Constitution provides circuit courts with subject-matter jurisdiction in "all matters civil and criminal." "Subject-matter jurisdiction is distinct from a circuit court's competency, which 'refers to the court's power to exercise its subject matter jurisdiction in a particular case.'" Walworth County v. M.R.M., 2023 WI 59, ¶17, 408 Wis. 2d 316, 992 N.W.2d 809 (quoting Sheboygan County v. M.W., 2022 WI 40, ¶35, 402 Wis. 2d 1, 974 N.W.2d 733). A circuit court may lack competency to adjudicate a case if it fails "to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction." Village of Trempealeau v. Mikrut, 2004 WI 79, ¶9, 273 Wis. 2d 76, 681 N.W.2d 190 (citations omitted). "Whether a particular failure to comply with a statutory mandate implicates the circuit court's competency depends upon an evaluation of the effect of noncompliance on the court's power to proceed in the particular case before the court." Id., ¶10 (citing Miller Brewing Co. v. LIRC, 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660 (1993)). "Not all errors of statutory compliance result in a loss of competency. However, when a circuit court's error is central to the statutory scheme, a loss of competency results." State v. R.A.M., 2024 WI 26, ¶21, 412 Wis. 2d 285, 8 N.W.3d 349.*

*§ 346.63(1)(a) based on a violation of McAdory's right to due process. Accordingly, we remand for a new trial on the § 346.63(1)(a) charge."). McAdory directs this court to* WIS. STAT. *§§ 808.08[15] and 808.09,[16] which he contends required the circuit court to hold a second trial following the appeal in McAdory I and barred the circuit court from reinstating the RCS charge and guilty verdict. Additionally, reinstating the RCS charge and guilty verdict, on McAdory's telling, turned McAdory I into an advisory opinion in contravention of this court's precedent in Tietsworth v. Harley-Davidson, Inc., 2007 WI 97, 303 Wis. 2d 94, 735 N.W.2d 418.*

¶96      We believe the court of appeals itself in McAdory II ably dispensed with these arguments. No doubt, the court's mandate in McAdory I was not

---

[15] WISCONSIN. STAT. *§ 808.08 provides:*

*When the record and remittitur are received in the trial court:*

*(1) If the trial judge is ordered to take specific action, the judge shall do so as soon as possible.*

*(2) If a new trial is ordered, the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar.*

*(3) If action or proceedings other than those mentioned in sub. (1) or (2) is ordered, any party may, within one year after receipt of the remitted record by the clerk of the trial court, make appropriate motion for further proceedings. If further proceedings are not so initiated, the action shall be dismissed except that an extension of the one-year period may be granted, on notice, by the trial court, if the order for extension is entered during the one-year period.*

[16] WISCONSIN STAT. *§ 808.09 provides:*

*Upon an appeal from a judgment or order an appellate court may reverse, affirm or modify the judgment or order as to any or all of the parties; may order a new trial; and, if the appeal is from a part of a judgment or order, may reverse, affirm or modify as to the part appealed from. In all cases an appellate court shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance with the judgment or decision.*

*necessarily a paragon of clarity. But the court of appeals has the authority to determine the meaning of its prior mandates, and we are loath to disagree with the court of appeals' interpretation of one of its own mandates. Cf. id., ¶22.[17] We will not do so in this case. We adopt the reasoning of the court of appeals and provide the court of appeals' discussion of these arguments below:*

> *[T]he circuit court did not disregard or take any action inconsistent with any statement that we made or implied in McAdory [I], including the opinion's mandate, and the circuit court was not obligated to hold a second trial on the OWI count under these circumstances.*
>
> *Our mandate in McAdory [I] reversed the judgment of conviction on the OWI count and remanded the case to the circuit court. See [McAdory I, 400 Wis. 2d 215, ¶71]. We decided that a new trial on the OWI count would be the next step regarding that count. Id., ¶¶2, 71. Of course, under the law of the case doctrine the parties could not relitigate the issues that were resolved in our opinion. See Laatsch v. Derzon, 2018 WI App 10, ¶40, 380 Wis. 2d 108, 908 N.W.2d 471 ("'[A] decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal.'" (alteration in Laatsch; quoted source omitted)). But our opinion had nothing to say regarding any motions that either side might file after remittitur. We certainly did not direct that the circuit court was obligated to schedule a trial on the OWI count even if, as would come to pass, the State moved to dismiss that count.*
>
> *McAdory calls our attention to WIS. STAT. § 808.09, which governs the actions that an appellate court may take on appeal, and to WIS. STAT. § 808.08, which governs post-appeal proceedings in the circuit court following its receipt of the record and remittitur. But we see nothing in these provisions to support McAdory's*

---

[17] *A party may, of course, file a motion with the court of appeals to clarify its mandate if the party believes that the court's mandate is unclear. WIS. STAT. § (Rule) 809.14(1) ("A party moving the appellate court for an order or other relief in a case shall file a motion for the order or other relief."); see also Tietsworth v. Harley-Davidson, Inc., 2007 WI 97, ¶48, 303 Wis. 2d 94, 735 N.W.2d 418.*

*argument. Consistent with § 808.09, this court in its prior McAdory [II] opinion issued a mandate reversing the challenged judgment on the OWI count and ordering a new trial on that count. Consistent with § 808.08, following remittitur the circuit took no action contrary to or in conflict with our mandate or with any concept expressed in or implied by our opinion. For this reason, it does not advance McAdory's argument for him to cite law that requires circuit courts to act consistently with an appellate court's "expressed or implied mandate." See Tietsworth, 303 Wis. 2d 94, ¶32.*

*McAdory II, 412 Wis. 2d 112, ¶¶23–25.*

## C. DOUBLE JEOPARDY

*¶97     Finally, McAdory contends that the reinstatement of the RCS charge and guilty verdict violated his right to be free from double jeopardy. The Fifth Amendment provides that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend V.[18] Article I, Section 8 of the Wisconsin Constitution similarly provides that "no person for the same offense may be put twice in jeopardy of punishment[.]" This court has treated the two provisions "as 'identical in scope and purpose.'" State v. Schultz, 2020 WI 24, ¶18, 390 Wis. 2d 570, 939 N.W.2d 519 (quoting State v. Davison, 2003 WI 89, ¶18, 263 Wis. 2d 145, 666 N.W.2d 1). "Accordingly, United States Supreme Court decisions interpreting the Fifth Amendment's Double Jeopardy Clause are 'controlling interpretations' of both the federal Constitution and the Wisconsin Constitution." Id.*

*¶98     The first question is whether jeopardy attached to the OWI and RCS charges because if jeopardy did not attach, the Double Jeopardy Clause could not be implicated in this case. It is well established that once the jury is empaneled and sworn in, jeopardy attaches. Martinez v. Illinois, 572 U.S. 833, 839–41 (2014) (per curiam). No party in this case casts doubt on the fact that jeopardy attached to the OWI and RCS charges. The jury was empaneled and sworn in, and it went on to find McAdory guilty of both charges. Accordingly, jeopardy attached to both charges.*

---

*[18] See also Benton v. Maryland, 395 U.S. 784, 795-96 (1969) (applying the Fifth Amendment to the states through the Fourteenth Amendment).*

¶99     *The United States Supreme Court has identified three protections provided by the Double Jeopardy Clause. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (footnotes omitted).*

¶100    *McAdory appears to concede that the first protection of the Double Jeopardy Clause—to be free from a second prosecution for the same offense after acquittal—is inapplicable in this case. He instead argues that the two other protections are implicated by the reinstatement of the RCS charge and guilty verdict. We agree that the first protection is inapplicable. McAdory was never acquitted of either the OWI charge or RCS charge. See McElrath v. Georgia, 601 U.S. 87, 94 (2024) (discussing the meaning of the term "acquittal" in the context of the Double Jeopardy Clause). We disagree, however, that the two other protections are applicable.*

¶101    *McAdory suggests that the reinstatement of the RCS charge and guilty verdict itself subjected him to a second prosecution for the same offense. We disagree. In this case, no second prosecution for the RCS offense arising from the events of January 5, 2016, occurred. Rather, the circuit court reinstated a guilty verdict already rendered by a jury following the court of appeals' decision in McAdory I, which vacated the judgment of conviction for the OWI charge. Under these circumstances, we find no violation of the Double Jeopardy Clause. See United States v. Wilson, 420 U.S. 332, 344–45 (1975); Rutledge v. United States, 230 F.3d 1041, 1047 n.3 (7th Cir. 2000) ("[T]he Double Jeopardy Clause does not bar reinstatement of a conviction on a charge for which a jury returned a guilty verdict." (citation omitted)); Taflinger v. State, 698 N.E.2d 325, 328 (Ind. Ct. App. 1998) (same).*

¶102    *Next, McAdory argues that the circuit court violated his right to be free from a second prosecution for the same offense after a conviction on that offense because the circuit court appeared to be willing to hold a new trial for the OWI charge after reinstating the RCS charge and guilty verdict. According to McAdory, the circuit court reinstated the RCS charge and guilty verdict on February 8, 2022. After the reinstatement, the circuit court directed the clerk to update the court file to show that a new trial was to be scheduled for the OWI charge after the court of appeals' decision to vacate that conviction. He posits that putting him on trial for the OWI offense after reinstating the RCS charge and guilty verdict violated his right to be free from a second prosecution for the same offense after a conviction. To him, it is of no consequence that the circuit court*

*never actually held a new trial for the OWI charge because the "circuit court was apparently willing to retry the OWI count even after it convicted [] McAdory of the RCS count."[19]*

¶103    *Additionally, McAdory contends that he was subjected to multiple punishments for the same offense. When McAdory was sentenced after the OWI and RCS charges were, in McAdory's words, "swapped," WIS. STAT. § 973.04 prevented McAdory from receiving credit for the time served on the sentence for the OWI conviction. Section 973.04 provides that "[w]hen a sentence is vacated and a new sentence is imposed upon the defendant for the same crime, the department[20] shall credit the defendant with confinement previously served." This statute prevented McAdory from receiving credit for the time served, we are told, because OWI and RCS offenses are not the "same crime" for purposes of § 973.04.*

¶104    *While both of these arguments have various problems individually,[21] they share a critical flaw: At no point does McAdory argue that an*

---

[19] *To the extent McAdory's briefs can be understood as arguing that holding a new trial for the OWI charge after his initial appeal in McAdory I would itself violate the Double Jeopardy Clause, such an argument cannot be sustained. It is well settled that a charge may be retried by the state after the conviction has been vacated on appeal without violating the Double Jeopardy Clause, unless the conviction is vacated for insufficiency of the evidence. Ball v. United States, 163 U.S. 662, 672 (1896); Burks v. United States, 437 U.S. 1, 11 (1978).*

[20] *This refers to the Department of Corrections.*

[21] *For example, McAdory's argument regarding multiple punishments for the same offense was forfeited. See Est. of Miller v. Storey, 2017 WI 99, ¶67, 378 Wis. 2d 358, 903 N.W.2d 759. He did not raise this argument before the circuit court in his motion for postconviction relief or in his brief before the court of appeals. In fact, in his reply brief before the court of appeals, he "offer[ed] two concessions" to the State, one of which was that he did not suffer multiple punishments for the same offense. See State v. McAdory, 2024 WI App 29, ¶40, 412 Wis. 2d 112, 8 N.W.3d 101 (McAdory II) (noting the concession). When he petitioned this court for review, he made no mention of the argument. See WIS. STAT. § (Rule) 809.62(6); Emer's Camper Corral, LLC v. Alderman, 2020 WI 46, ¶44, 391 Wis. 2d 674, 943 N.W.2d 513 (stating this court does not typically address issues not raised in the petition for review). And after this court granted his petition for review, he did not raise the argument until his reply brief. See N. States Power Co. v. Nat'l Gas Co., 2000 WI App 30, ¶21 n.6, 232 Wis. 2d 541, 606*

*OWI offense under WIS. STAT. § 346.63(1)(a) and an RCS offense under § 346.63(1)(am) are the same offense for purposes of the Double Jeopardy Clause. As previously indicated, under the Double Jeopardy Clause a defendant cannot be prosecuted after being convicted for the "same offense" a second time. Brown v. Ohio, 432 U.S. 161, 165 (1977). Nor can a defendant be punished for the "same offense" more than once. Id. Two offenses are the "same offense" for purposes of the Double Jeopardy Clause when they "are 'identical in the law and in fact.'" Schultz, 390 Wis. 2d 570, ¶22 (quoting State v. Van Meter, 72 Wis. 2d 754, 758, 242 N.W.2d 206 (1976)). Offenses "are not 'identical in law' where 'each provision requires proof of a fact which the other does not.'"[22] Killian, 408 Wis. 2d 92, ¶22 (quoting Blockburger, 284 U.S. at 304). McAdory advances no argument before this court that the OWI offense and RCS offense with which he was charged are identical in law. Consequently, we need not address his arguments that he was prosecuted and punished twice for the same offense. See Parsons v. Associated Banc-Corp, 2017 WI 37, ¶39 n.8., 374 Wis. 2d 513, 893 N.W.2d 212 (stating this court does not generally address undeveloped arguments).*

*¶105   Lastly, McAdory argues that the State "induced" him "to expect that he would not be further prosecuted or punished for the RCS offense" after the RCS charge and guilty verdict were dismissed. Reinstatement of the RCS charge and guilty verdict, he contends, violated "the constitutional requirement of finality in criminal litigation." To provide support for his inducement theory, McAdory points us to quotations from United States Supreme Court cases that state the Double Jeopardy Clause "serves 'a constitutional policy of finality for the defendant's benefit[,]'" Brown, 432 U.S. at 165 (quoting United States v. Jorn, 400 U.S. 470, 479 (1971) (plurality opinion)), and "'guarantees that the State shall not be permitted to make repeated attempts to convict the accused, thereby*

---

*N.W.2d 613 ("We do not generally consider issues raised for the first time on appeal, nor do we consider arguments made for the first time in a reply brief to which the respondent does not have the opportunity to respond." (internal citations omitted)). What is more, the argument he makes before this court is factually unsupported by the record because he did receive credit for the time served when he was sentenced for the RCS charge. This was conceded by McAdory's counsel during oral argument.*

[22] *"Further, offenses are not 'identical in fact' where 'allegation of substitute facts, all of which furnish the same legal element of the crime, . . . are either separated in time or are of a significantly different nature in fact.'" State v. Killian, 2023 WI 52, ¶22, 408 Wis. 2d 92, 991 N.W.2d 387 (ellipsis in original) (quoting State v. Eisch, 96 Wis. 2d 25, 31, 291 N.W.2d 800 (1980)).*

*subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity," Blueford v. Arkansas, 566 U.S. 599, 605 (2012) (quoting United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977)).*

¶106 *We fail to see a Double Jeopardy Clause violation on this basis. Although McAdory claims he was induced to believe that a judgment of conviction for the RCS charge would never be entered against him, he does not explain why his assertion of an induced expectation of finality amounts to a violation of the Double Jeopardy Clause. Nor does he cite relevant authority to support his inducement theory. The quotations he musters to support his position merely state the general purposes and interests the Double Jeopardy Clause serve. As the State rightly observes, his argument appears to confuse the purposes and interests the Double Jeopardy Clause serve with the protections the Double Jeopardy Clause actually provides. Because McAdory fails to advance an argument grounded in the protections provided by Double Jeopardy Clause or provide relevant support for his inducement theory, his argument must be rejected.*

¶107 *In sum, we see no merit to McAdory's arguments that the Double Jeopardy Clause barred the circuit court from reinstating the RCS charge and guilty verdict and entering the judgment against him for that offense.[23]*

### IV. CONCLUSION

¶108 *Before this court, McAdory makes the following arguments. The circuit court lacked authority to reinstate the RCS charge and guilty verdict. The State forfeited its ability to request the reinstatement of the RCS charge and guilty verdict during McAdory's initial appeal in McAdory I by failing to file a cross-appeal or raise the issue in its brief before the court of appeals in McAdory I. The circuit court lacked competency to reinstate the charge and guilty verdict.*

---

[23] *McAdory suggests that the doctrine of claim preclusion barred the circuit court from reinstating the RCS charge and guilty verdict. We, however, do not understand his argument regarding claim preclusion, as framed by his briefs, to be independent and distinct from his arguments regarding double jeopardy. See Bravo-Fernandez v. United States, 580 U.S. 5, 9 (2016); Currier v. Virginia, 585 U.S. 493, 507 (2018) (plurality opinion). Because we reject McAdory's double jeopardy arguments, his argument regarding claim preclusion must also be rejected. See WEC v. LeMahieu, 2025 WI 4, ¶28, 414 Wis. 2d 571, 16 N.W.3d 469.*

*The circuit court's decision to reinstate the RCS charge and guilty verdict violated the court of appeals' mandate in McAdory I and McAdory's right to be free from double jeopardy.*

¶109 *We disagree. We find no error in the circuit court's decision to reinstate the RCS charge and guilty verdict. Under a proper reading of WIS. STAT. § 346.63(1)(c), if a defendant is tried and found guilty for multiple offenses under § 346.63(1) that arise out of the same incident or occurrence, the circuit court shall enter a judgment of conviction for each guilty verdict. WIS. STAT. §§ 346.63(1)(c), 972.13(1). As the statute provides, however, "there shall be a single conviction for purposes of sentencing and for purposes of counting convictions under [WIS. STAT. §§] 343.30(1q) and 343.305." § 346.63(1)(c). Bohacheff and Bastian are inconsistent with the statute's plain language, and today we overrule those decisions.*

¶110 *The State did not forfeit its ability to request the reinstatement of the RCS charge and guilty verdict by failing to file a cross-appeal or raise the issue in its brief before the court of appeals in McAdory I. The State was not required to cross-appeal the judgment dismissing the RCS charge and guilty verdict because it was the State itself that requested the circuit court to dismiss the charge and guilty verdict. See WIS. STAT. §§ 974.05(1)(a), (2), 809.10(2)(b). The State was also not required to raise the issue of reinstatement in its brief in McAdory I because reinstatement of the RCS charge and guilty verdict was not an alternate basis by which the court of appeals could have sustained the judgment of conviction for the OWI charge. The court of appeals in McAdory II determined that the circuit court's reinstatement of the RCS charge and guilty verdict did not violate its mandate in McAdory I, and this court finds no reason in this case to disagree with the court of appeals' interpretation of its own mandate. Finally, the reinstatement of the RCS charge and guilty verdict did not violate the Double Jeopardy Clause. The circuit court did not subject McAdory to a second prosecution for the same offense after conviction. Instead, the circuit court reinstated a guilty verdict already rendered by a jury. The court of appeals is affirmed.*

\* \* \*

¶111 For the foregoing reasons, I concur in the judgment.